SCAFF McCOY v. THE STATE.

No. 20508. Delivered October 25, 1939.
Rehearing Denied December 20, 1939.

The opinion states the case.

*R. E. Eubank,* of Paris, and *C. A. Holloway,* of Clarksville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

This is the second appeal of this case, the opinion on the first appeal being found in 135 Texas Crim. Rep., 73, 117 S. W. (2d) 787, with a four year penalty assessed. The offense charged herein is murder, and the punishment assessed at this trial is ten years confinement in the penitentiary.

The facts show some kind of disagreement between appellant and the deceased, Johnny Burks, relative to their partnership in the hay baling business, and the record contains some threats having been made by both parties relative to their differences, as well as some abusive language, prior to the time

of the killing, indulged in by both of them. At the time of the killing appellant contends that the deceased was approaching appellant's wagon with an open knife in his hand in a threatening manner. Some conversation ensued that finally ended in appellant, while standing in his wagon, shooting Burks with a pistol, and he soon thereafter died from the wound.

Bill of exceptions No. 1 complains of the trial court's ruling in refusing to allow Mrs. Annie Belle Gough to testify before the jury that her husband told witness that he, the husband, would not tell her what the deceased had said to the husband at the time that he had a certain conversation with deceased, because the witness would have said her husband said "women popped off," which portion of the conversation relative to women popping off was communicated to appellant a short time prior to the killing. The court's qualification to said bill shows that the court refused to allow this testimony when first presented, and we think properly so; but on further reflection, on the following morning and while the trial still proceeded, the court notified appellant's attorneys that they would be permitted to introduce this testimony. While the witness had been allowed to return to her home, some few miles from the county seat, only by permission of appellant's attorneys, nevertheless they did not see fit to recall her and exercise the privilege granted by the court. We see no error reflected therein.

Bill of exceptions No. 2 complains of the court's charge on self-defense, and it is argued that the court's charge thereon does not present all the facts shown relative to such defense. To this we do not agree. The court's charge seems to be full and fair on that phase of the case, requiring the jury to judge the reasonable appearance of danger from the appellant's standpoint alone in the light of all the surrounding facts and circumstances, taking into consideration the defendant's knowledge of the character and disposition of the deceased, and the relative strength of the parties. We think that the charge on self-defense as given by the court was sufficient under the facts herein.

Bill of exceptions No. 3 complains of the trial court's charge on threats as a ground of self-defense. It is noted that there is not found in the record any objections to the trial court's charge, and it seems that appellant's attorneys contented themselves with merely submitting to the court their requested instructions in lieu of the instructions prepared by the court. We note that the trial court's instructions on threats, as applied to the doctrine of self-defense, embodied all the pertinent parts set forth in the requested instruction presented by appellant's

attorneys to the court, and we think the charge given was in fair conformity with the one requested by appellant.

Bill of exceptions No. 4 is in the same condition as bill No. 3, and our ruling thereon is the same.

Bill of exceptions No. 5 complains of the trial court's failure to give in charge to the jury a requested charge that embodied, in substance, the fact that appellant had the right to arm himself for the purpose of protection against the deceased. In answer thereto we note that the trial court in no way limited appellant's right of self-defense, but gave a full and fair charge thereon untrammeled by any limitation thereon, and under such circumstances appellant was not entitled to such a requested charge. Branch's Penal Code, Sec. 1950, p. 1091, says: "If the court does not limit defendant's right of self-defense by a charge on provoking the difficulty, or otherwise, but gives him the perfect right of self-defense on every defensive theory, it is not error to refuse to charge on his right to arm himself and seek an explanation," citing authorities.

In our judgment no error has been presented herein, and the judgment is affirmed.

ON APPELLANT'S MOTION FOR A REHEARING.

KRUEGER, Judge.

In his motion appellant presents three grounds upon which he seeks a rehearing. The first is that the evidence is wholly insufficient to warrant and sustain his conviction. After a most careful review of the testimony, we remain of the opinion that the evidence is sufficient to support the jury's conclusion of appellant's guilt. His second contention is that the court in his charge on self defense failed to instruct the jury that if the deceased by his acts, coupled with his *words*, if any, reasonably induced the defendant to believe that the deceased was about to attack him (the defendant) with a knife, etc., to acquit him. His contention seems to be that the court's failure to so charge was a limitation on his right of self-defense. Had appellant addressed an exception to the court's charge and specifically pointed out the alleged error, he would have some basis for his contention; but this he did not do. He merely requested a special charge which embodied the omission in the court's main charge on "acts coupled with his words." This has been held by this Court not to be sufficient. See Boaz v. State, 231 S. W., 790; Parker v. State, 261 S. W., 782; Banton

v. State, 46 S. W. (2d) 703, and authorities there cited. If the court had not given any instruction at all on the subject then a special charge would have been sufficient, but in the case at bar, the court gave an instruction thereon, not however, as full as that covered in the special charge. There was nothing in the specially requested charge which distinctly pointed out the omission. To hold otherwise would be in effect to nullify the provisions of Art. 658 C. C. P. requiring the defendant to present his objection to the court's charge in writing, distinctly specifying each grounds of objection.

Appellant's third and last contention is that the court erred in instructing the jury that "if the deceased was making or was about to make an attack upon the defendant with an open knife * * * and by the use of said knife was attempting to commit murder, maiming, disfiguring or castration on the person of the defendant, etc., then it is presumed that the deceased intended to inflict such injury upon the defendant." While a charge should apply the law to the facts of the particular case, yet in the absence of an objection addressed thereto prior to the time the same is submitted to the jury, the presumption obtains that appellant was satisfied with the instruction.

The motion for a rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.