CLYDE PIERSON V. STATE

No. 27,201.   December 1, 1954

No attorney for appellant of record on appeal.

*Dan Walton,* District Attorney, *Eugene Brady,* Assistant District Attorney, Houston, and *Wesley Dice,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for murder with malice; the punishment, twelve years in the penitentiary.

The state's evidence shows that appellant voluntarily shot the deceased, George Hoppe, three times with a pistol and that the deceased died as a result of the wounds caused by the shots.

Appellant, while testifying in his own behalf, stated that deceased had threatened to kill him because he thought that appellant had caused his place of business to be raided and closed by the officers; that the deceased had so told several persons who informed him of deceased's intentions to kill him. It was also shown that the deceased had made threats against him if he did not pay off a debt owed to him by 10 P.M. the night of the tragedy; that immediately before the shooting he approached the deceased with the intention of making a payment on his debt when the deceased attacked him which caused

him to shoot because he thought the deceased was going to kill him; that they scuffled over the possession of the gun which caused it to be discharged.

Appellant offered several witnesses whose testimony supported his version of the incident and the surrounding facts and circumstances.

The jury resolved the issues of fact against appellant and we find the evidence sufficient to support the verdict of the jury.

A subsequent motion for a continuance based on the absence of certain witnesses is shown in the transcript, along with the court's order overruling the same. No exception to such ruling is shown. In the absence of an exception to the ruling of the court on said motion, we are not authorized to consider it. Art. 760e, Vernon's Ann. C.C.P.; Perry v. State (page 8, this volume), 266 S.W. 2d 171.

Appellant, by specially requested charges which were refused, sought to have the jury instructed upon his right to carry a pistol for the purpose of protecting himself, if he believed that deceased would do him serious bodily injury or take his life.

Unless the charge of the court placed a limitation in some manner upon the accused's right of self-defense, a charge as to the right of the accused to carry arms is not required. Branch's Ann. P.C. 1091, Sec. 1950; McCoy v. State, 138 Texas Cr. R. 138, 134 S.W. 2d 273; Fisher v. State, 146 Texas Cr. R. 16, 170 S.W. 2d 773.

The court's charge placed no limitation upon appellant's right of self-defense, therefore no error is shown in refusing the requested charges.

Finding no reversible error, the judgment of the trial court is affirmed.

Opinion approved by the court.