DEBS CRAWFORD V. STATE

No. 28,917. April 17, 1957.
Appellant's Motion for Rehearing Overruled
June 19, 1957.
Appellant's Second Motion for Rehearing Overruled
(Without Written Opinion) October 16, 1957.

*Murray J. Howze,* Monahans, *D. A. McCorvey,* Dallas, and *C. S. Farmer,* Waco, for appellant.

*Lucius D. Bunton,* District Attorney, Marfa, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is felony theft, with two prior convictions of felonies less than capital alleged for enhancement; the punishment, life imprisonment.

The accomplice witness James Moncrief testified that he, one Wayne Cawley, the appellant's brother, and the appellant agreed among themselves to steal some oil field pipe; that in compliance with such agreement he rented a truck tractor (hereinafter referred to as a "truck") from a truck rental service and a trailer from another establishment in Lubbock and came to Reagan County, where the truck broke down; that they returned to Lubbock in the automobile which accompanied the truck, leaving the broken down truck at Slayton, secured a substitute truck, and again returned to Reagan County, where they ate supper, and after dark went to the well where the pipe was located, loaded the pipe, and drove to Post, where they separated from the appellant who unloaded the pipe at a pipe yard. Following this, the parties returned to Lubbock, where the truck and trailer were turned in to the rental agencies. The following Monday the appellant delivered him $400 as his part of the proceeds from the sale of the pipe.

The appellant did not testify in his own behalf but interposed the defense of alibi, which was by the jury rejected.

It was shown that the appellant escaped jail after his arrest in this case and was extradited from the state of Kansas prior to the trial.

The two prior convictions alleged for enhancement were established.

Appellant's complaints as to the form of the indictment are not of such fundamental nature as would require a reversal when raised for the first time in this court on appeal. Donahoo v. State, 162 Texas Cr. Rep. 388, 285 S.W. 2d 952. We find no bill of exception to the form of the indictment in the record, and the transcript shows no exception to the overruling of the motion to quash which, under Article 760e, V.A.C.C.P., is requisite to authorize this court to consider the question without a bill of exception.

We shall now discuss the appellant's contention that the evidence is insufficient to corroborate the testimony of the accomplice witness Moncrief.

The witness Henry testified that he rented a truck to Moncrief at the time and place stated in Moncrief's testimony, that it was reported broken down at Slayton and replaced by the second truck, and that he sent the witness Owens to Slayton to recover the truck. Owens testified that he did so.

The witnesses Jackson and Griffin testified as to the leasing of the trailer to Moncrief and that upon its return it bore indications of having had oily pipe as its cargo.

Ranger Wood testified that he measured the tracks at the scene of the theft, went to Lubbock and measured the tires on the truck and trailer in question and found them to be almost identical.

Bessie Sibley testified that she was at the eating establishment, near the scene of the theft in Reagan County mentioned in Moncrief's testimony, on the night in question and saw Wayne Cawley and three companions. Her testimony was corroborated by the witness Mamie Young. The witness Fuller, who was also at the eating establishment, recognized both Cawley and the

appellant as two of the four men who were at the establishment together.

.The witness Harold identified the appellant as being the person who had unloaded some pipe at the pipe yard in Post on the day in question and testified that his tally on the pipe taken at the time it was received was almost identical to the tally presented by the representative of the owner of the stolen pipe who later appeared at the yard in company with officers.

The witness Boggs testified that the appellant "or his twin brother" delivered the pipe to the pipe yard in Post on the day in question.

The above is a statement of the testimony which the jury was authorized to consider as corroborating the testimony of the accomplice, and we have concluded that it is sufficient.

The appellant next contends that the trial court erred in excepting Ranger Wood from the rule and allowing him to remain in the courtroom during the trial. Reliance is had upon Wilson v. State, 158 Texas Cr. Rep. 334, 255 S.W. 2d 520. As we pointed out in the Wilson case and in Perry v. State, 160 Texas Cr. Rep. 8, 266 S.W. 2d 171, an abuse of discretion is shown only where the witness who has been excused from the operation of the rule in his testimony corroborates the testimony of other state witnesses and contradicts the testimony of the appellant or his witnesses. As will be seen from a statement of Wood's testimony above, he did neither, and hence the Wilson case is not here controlling.

Appellant's last complaints relate to alleged errors on the part of the court in "overruling Appellant's motion for mistrial made after announcement of ready when he discovered the defense witness, B. N. O'Brien, was not in attendance in Court" and "in sustaining the State's objection to offer in evidence of the application for subpoena of the witness, B. N. O'Brien, a material witness for the Appellant, whose absence was unexplained to the jury."

In the transcript, we find an application for continuance based upon the absence of the witness Travis Henderson, but nowhere therein do we find any mention of B. N. O'Brien, whom the appellant now claims was an alibi witness.

Unless there was a motion for continuance based upon the

absence of such a witness, the complaints alleged cannot be considered.

We further call attention to the fact that the motion for new trial was not supported by an affidavit of the witness O'Brien as to what his testimony would have been had he been present.

Finding no reversible error, the judgment of the trial court is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING

DICE, Judge.

Appellant insists that we were in error in refusing to consider his complaints to the indictment because it is shown in the statement of facts of the evidence adduced upon the main trial that he excepted to the action of the court in overruling his two motions to quash.

Appellant contends that such exceptions to the court's rulings in the statement of facts were sufficient to constitute informal bills of exception under the provisions of Art. 759a, V.A.C.C.P., and 760e, V.A.C.C.P., and were therefore properly before us for review.

As we pointed out in our original opinion the transcript shows no exception to the order of the court overruling the appellant's motions to quash the indictment.

Art. 760e, provides in part that:

"All * * * exceptions to the indictment or information, motions to set aside an indictment or information * * * motions for continuance together with any answer thereto, *the court's order thereon showing defendant's exception to the ruling* together with a Statement of Facts, where facts were adduced in connection therewith shall constitute the defendant's Bill of Exception; and no formal Bill of Exception need be prepared and filed. * * * ." (Underscoring added.)

The exception to the court's rulings on the motions to quash not being shown in the court's order thereon cannot constitute a bill of exception under the provisions of Art. 760e, above quoted.

Appellant insists that the exceptions to the court's ruling on the motions to quash shown in the statement of facts are sufficient to constitute informal bills of exception under the provisions of sec. 2(a) of Art. 759a, supra, which provides in part:

"Where the Statement of Facts in question and answer form reflects the admission or rejection of testimony objected to or offered by the defendant, the defendant's objection thereto, the evidence rejected, the court's ruling thereon, *or the said Statement of Facts shows any ruling or opinion or other action of the court, with the defendant's objection thereto, he may except thereto at the time the said ruling is made or announced or such action taken, and such Statement of Facts shall constitute a bill of exception to such ruling, opinion or other action of the court, and no formal bill of exception thereto shall be necessary.*" (Underscoring added.)

While under the provisions of sec. 2 of the above-quoted statute certain rulings of the court with the defendant's objection and exception thereto, together with the statement of facts shall constitute a bill of exception, section 6 of the statute provides:

"This Statute shall apply to all Statements of Fact relating to any Motion heard in the case, but the facts adduced in connection with any Motion shall be filed with the clerk separately from the facts adduced bearing upon the guilt or innocence of the defendant."

By the provisions of sec. 6, above quoted, to constitute a bill of exception to the court's ruling on a motion, the statement of facts of the evidence adduced in connection therewith shall be filed separately from the facts adduced upon the main trial on the issue of guilt of the accused.

The record in the instant case contains no separate statement of facts of the evidence which was adduced in connection with the appellant's motions to quash the indictment and in the absence thereof, appellant's exceptions to the court's ruling thereon do not constitute a bill of exception.

We overrule appellant's contention that the record shows that through no fault or lack of diligence on his part, he has been deprived of and denied his bills of exception to the court's rulings on the motions to quash the indictment and for such reason the case should be reversed.

Under Art. 760d, V.A.C.C.P., appellant had 90 days after giving notice of appeal in which to prepare and file his bills of exception. It was incumbent upon appellant and his duty to see that his exceptions to the court's rulings were properly shown in the record. The fact that the court at the time the motions were overruled answered in the affirmative to the inquiry by appellant's counsel "May the record clearly show our exceptions to both of them" did not relieve appellant of the duty of seeing that the record properly reflected his exceptions to the court's rulings so as to constitute an informal bill of exception under Art. 760e, supra.

We have again reviewed the record in the light of appellant's other contentions and remain convinced that no reversible error is shown.

Appellant's motion for rehearing is overruled.

Opinion approved by the Court.