ANNIE JOHNSON V. STATE

No. 29,533. February 12, 1958.

*James J. Shown,* and *W. E. Martin,* (on appeal only), both of Houston, for appellant.

*Dan Walton,* District Attorney, *Thomas D. White,* Assistant District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for the unlawful possession of policy paraphernalia in violation of Sec. 2 of Art. 642c, Vernon's A.P.C.; the punishment, thirty days in jail.

The appellant, seated alone at a table in the kitchen, shoved several policy books, policy hit slips and a purse that was on the table in front of her to the floor when the officers entered the

kitchen. Officer Bond testified that the policy books and policy hit slips were designed and adaptable for use in a policy game; and that they were not possessed by the appellant for evidence purposes.

Appellant did not testify or offer any evidence in her behalf.

The evidence is sufficient to support the conviction.

There are no formal bills of exception.

Complaint is made in this court of the overruling of appellant's motion to quash the information.

No exception was reserved to the overruling of the motion to quash the information, hence the question is not before us under the provisions of Art. 760e, Vernon's A.C.C.P.

We find no such defects in the information as to call for reversal when attacked for the first time in this court.

Appellant's complaint of the search does not show error because there is no evidence that she owned, occupied or controlled the building. Such a showing is necessary before the appellant is authorized to object to testimony of the search or the results thereof on the ground that the search was illegal. Paige v. State, 161 Texas Cr. Rep. 571, 279 S.W. 2d 344.

Finding no reversible error the judgment is affirmed.

Opinion approved by the Court.