ISIAH STOKER V. STATE

No. 31,127. January 6, 1960

State's Motion for Rehearing Overruled February 10, 1960

*C. B. Bunkley, Jr.* and *U. Simpson Tate*, Dallas, for appellant.

*Charles A. Allen,* Criminal District Attorney, Marshall, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The offense is rape; the punishment, 99 years.

In view of our disposition of the case, a recitation of the facts is not deemed necessary.

Appellant filed a motion to quash the indictment on the ground of racial discrimination in the selection of the grand jury which returned the indictment against him.

In his motion appellant alleged that he was member of the Negro race and that in the appointment and selection of the grand jury which returned the indictment against him, only persons of the white race were appointed; and that members of the Negro race were arbitrarily excluded. Appellant further alleged that for a period of 20 years or more, members of the Negro race had been systematically excluded from serving on the grand juries in Harrison County.

After a hearing, the motion was by the court overruled which ruling of the court is the basis of appellant's complaint in this appeal.

On the hearing it was shown that appellant was a member of the Negro race and that the prosecutrix was a white woman. No Negroes were on the grand jury which indicted the appellant. It was shown that Harrison Couny had a population of about 47,000 of which number approximately 50% were Negroes. It was further shown that two Negro colleges were located in the county and that there were a substantial number of Negroes residing in the county who possessed the legal qualifications required of a grand juror. It was further shown that during the preceding five years there was an average of approximately 1000 qualified Negro voters in the county. At the hearing appellant called seventeen witnesses who had resided in Harrison County for different numbers of years and who had been appointed and served on grand jury commissions in the county. Each witness testified that he had no knowledge of any Negro having ever served on a grand jury in Harrison County during the time he had resided in the county and from their testimony and other evidence adduced it appears that no Negro had served

or been drawn for service as a grand juror in the county for at least 50 years. It further appears that although the jury commissioners testified that in the selection of the grand jury panels they did not arbitrarily exclude Negroes, the grand jury commissioners made no effort to determine their qualifications.

The record clearly shows a long and continued exclusion of Negroes from the grand juries in Harrison County which, under the holdings of the Supreme Court of the United States hereafter cited, shows racial discrimination within the meaning of the 14th amendment of the Constitution of the United States in the selection of the grand jury which returned the indictment against the appellant.

The Supreme Court of the United States has held that racial discrimination within the meaning of the 14th Amendment in the selection of a grand jury renders void an indictment returned by such body. Norris v. State of Alabama, 294 U. S. 587, 55 S.Ct. 579, 79 L.ed 1074; Cassell v. Texas, 339 U. S. 282, 70 S.Ct. 629, 97 L.ed 839; Hill v. Texas, 144 Tex. Cr. R. 415, 157 S. W. 2d 369, 316 U. S. 400, 62 S.Ct. 1159, 86 L.ed 1559; Smith v. State, 140 Tex. Cr. R. 565, 136 S. W. 2d 842, 147 S. W. 2d 1118, 311 U. S. 463, 68 S.Ct. 184, 92 L.ed 76; Eubanks v. Louisiana, 356 U. S. 584, 78 S.Ct. 970, 2 L.ed 2d 991.

The decisions of that high court are binding upon us in the matter and under the record presented it becomes our duty to declare the indictment void because of racial discrimination in the selection of the grand jury which returned the indictment against the appellant.

The judgment is reversed and the prosecution ordered dismissed.

Opinion Approved by the Court.