WILLIE B. BROOKS v. STATE

No. 32,494. November 30, 1960

Motion for Rehearing Overruled January 18, 1961

Second Motion for Rehearing Overruled February 15, 1961

556

WOODLEY, Judge, concurred.

DAVIDSON, Judge, dissented.

*L. F. Sanders,* Canton, *Gordon R. Wynne, Wynne & Wynne,* Wills Point, (Court Appointed Counsel) for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge

The offense is rape; the punishment, 50 years.

The prosecutrix lived with her husband on a farm located about 11 miles from Ben Wheeler in Van Zandt County. She testified that on the afternoon in question, while her husband was away, a man whom she positively identified as the appellant came to where she was alone hoeing corn in a field and asked her for the time of day; that appellant put a gun to her head, told her to start walking and pointed toward some woods; that she began walking and appellant put the gun to her back; that

after she had walked some 50 yards appellant told her to stop, undress and lie down; that after she had complied with his demand appellant then got on top of her and had a penetration and sexual intercourse with her while holding the gun close to her head. She testified that appellant then left, that she ran to her home, where she locked the door, pulled the window shades, and when her husband returned an hour and a half later told him what had happened. She further testified that while appellant was assaulting her she was afraid he would kill her and that appellant's act of intercourse was done against her will and without her consent.

The prosecutrix's husband, upon being called as a witness by the state, corroborated her testimony relative to her outcry made to him when he arrived home on the evening in question.

Appellant did not testify or offer any evidence in his behalf.

Appellant's sole contention on appeal is that the court erred in overruling his motion to quash the indictment on the ground of racial discrimination because of the intentional inclusion of members of the Negro race, of which appellant was a member, upon the grand jury which returned the indictment against him.

Under the record as presented, appellant's contention is not properly before us for review.

There are no formal bills of exception.

Appellant's motion to quash the indictment appears in the transcript; however, the transcript does not contain an order of the court thereon showing appellant's exception to the court's ruling. Such an order and exception are required under Article 760e, V.A.C.C.P., to constitute an informal bill of exception to the court's action in overruling the motion. Crawford v. State, 165 Tex. Cr. R. 147, 305 S.W. 2d 362, and Johnson v. State, 165 Tex. Cr. R. 563, 310 S.W. 2d 70.

The record does not contain a separate statement of facts of the evidence adduced upon the hearing of appellant's motion to quash the indictment. Section 6 of Article 759a, V.A.C.C.P., requires that a statement of facts relating to any motion heard in the case shall be filed separate from the facts adduced upon the guilt or innocence of the defendant. The evidence adduced upon the hearing of the motion, not being presented by a separate

statement of facts, cannot be considered. Pierce v. State, 159 Tex. Cr. R. 504, 265 S.W. 2d 601, and Crawford v. State, supra.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.

WOODLEY, Judge, Concurring

I approve the opinion prepared by Commissioner Dice, but because a constitutional question affecting the validity of the conviction is raised, I would add the following:

Prior to the selection of the jury commission and the empaneling of the grand jury which returned the indictment herein there had been systematic exclusion of Negroes in the selection of grand jurors in Van Zandt County under the holdings of the Supreme Court of the United States in Cassell v. Texas, 94 L.Ed. 839; Hill v. Texas, 86 L. Ed. 1559; and other cases, including the recent decision of this Court in Stoker v. State, 169 Tex. Cr. Rep. 59, 331 S.W. 2d 310.

When the Stoker case was decided an indictment was pending in Van Zandt County against appellant, a Negro, charging him with rape.

For the purpose of complying with the mandate in Stoker v. State, and other cases, and deeming it necessary, District Judge A. A. Dawson appointed a jury commission in Van Zandt County, one of the counties of his district. One of the jury commissioners appointed was a Negro.

The jury commission in turn selected a grand jury panel which included some Negroes who served on the grand jury which returned the indictment upon which appellant was tried and convicted.

Judge Dawson testified that he told the jury commissioners "that we couldn't any longer operate with them (Negroes) excluded from juries" and that the inclusion of some Negroes was an effort on his part, simply to carry out the mandate of the Court of Criminal Appeals.

If the inclusion of members of his own race in the selection of the grand jury which returned the indictment against appellant

constitutes racial discrimination under Cassell v. Texas, it was not discrimination against the Negro race of which appellant may complain.

The holding of the Cassell case regarding intentional inclusion should be construed in the light of the circumstances then existing. The Supreme Court had announced a rule by which racial discrimination might be established. The court was pointing out that the intentional inclusion of a Negro for the purpose of evading the rule would not destroy the effect of long continued failure to include Negroes in the selection of jurors.

Cassell v. Texas is not authority for setting aside the indictment herein upon the ground that Negroes were intentionally included.

In Moore v. State (Ark.) 315 S.W. 2d 907, the trial judge positively instructed the jury commissioners to have Negroes on the trial jury list, and instructed the clerk, in preparing the list, to put all the Negro jurors at the top of the list in order that there might be full opportunity, if found qualified and not challenged, for them to serve on the jury. The Supreme Court of Arkansas said: "Thus the trial judge took every precaution to see that there were Negroes on the trial jury list in this case; and the record—instead of showing studied evasion—shows a deliberate attempt by the trial court in this case to fully comply with the rulings of the United States Supreme Court which condemns racial exclusion." The United States Supreme Court denied certiorari. Moore v. Arkansas, 358 U.S. 946, 79 S. Ct. 356, 3 L.Ed. 2d 353.

DAVIDSON, Judge, (Dissenting.)

Appellant moved to quash the indictment because of discrimination practiced in the organization of the grand jury that returned the indictment in this case, setting out the grounds for such contention.

The trial court heard the motion, and the evidence offered in support thereof—properly certified by the trial court—is before this court.

If the right of appeal means anything, then in all fairness and justice this court ought to determine the question here presented. It should not leave the question undetermined and make a nullity of the right of appeal.

When the question is examined it will be found that the evidence shows that appellant's contention is well taken and that members of the Negro race were expressly included as prospective grand jurors upon the grand jury venire, in express violation and in contravention of the rule laid down by the Supreme Court of the United States in the case of Cassell v. Texas, 94 L. Ed. 839, being violative of due process under the Fourteenth Amendment to the Federal Constitution.

The Supreme Court of the United States held in that case that unlawful discrimination in the organization of the grand jury can and may be effectuated by express inclusion of members of the Negro race upon the list of the grand jury venire from which the grand jury is to be drawn the same as by excluding therefrom members of the Negro race.

The Supreme Court of the United States having held as above and the facts bringing this case within the rule, so far as I am concerned I have no right not to follow that court.

I respectfully dissent.

ON APPELLANT'S MOTION FOR REHEARING

McDONALD, Judge.

In the recent decision of this court in Stoker v. State, 331 S.W. 2d 310, consideration was given to a motion to quash, raising a like question under a like record.

The court has decided that this appellant's contention should be properly reviewed because of the constitutional question he poses.

Able court-appointed counsel for the appellant predicates his appeal, in his brief and his motion for rehearing, upon the premise that the very able trial judge committed error in including some Negroes on the grand jury that returned the indictment under which appellant was tried and convicted. Counsel for appellant relies on Cassell v. Texas, 339 U.S. 282, as authority for his contention, and also upon the recent case of Stoker v. State, supra.

In essence, the Cassell cases holds that the constitutional prohibition against discrimination because of color may not be satisfied by Negro representation arbitrarily limited to one. This case further holds that there may be neither inclusion nor exclusion

because of race and, further, that token representation of a race on a grand jury is not a constitutional requisite—with which premise this court is in full accord.

The Cassell case is not authority for setting aside the indictment herein upon the ground that Negroes were intentionally included.

The appellant here complains that the appointment of a Negro on the jury commission and the inclusion of two Negroes on the grand jury constitute discrimination by the trial court against him as a member of the Negro race.

Appellant makes no contention that the two Negroes on the grand jury that returned the indictment were coerced into returning a true bill or that the grand jury considered and achieved a result different from what might have been had the grand jury contained only white persons.

The only contention made by appellant was that the trial judge admonished the jury commission that they could not exclude persons because of race or color; that they could not put on or keep off on account of race; but that, in view of the mandate of this court as expressed in Stoker v. State, supra, the district court of Van Zandt County could no longer operate with Negroes excluded from juries.

The appellant states in his brief that the first bill of indictment was rendered in August 31, 1959, in the district court, charging him with the offense of rape, and that the indictment was returned by a grand jury which had been empaneled under a system that no Negroes were ever called for grand jury duty within the county (the county being Van Zandt).

Subsequent to the decision of this court in the Stoker case, another jury commission containing a Negro selected a grand jury containing two Negroes on the panel. At the January term, 1960, another indictment against the defendant was returned, charging him with the same offense.

It is obvious from the action of the two different grand juries that the appellant fared no better or no worse by virtue of the inclusion of the members of his race on the grand jury.

While the question here presented by appellant for consideration is a novel contention and is no doubt a question or case of

first impression so far as this court is concerned, and no case is apparently in point, nor has the exact question been heretofore posed, in the case of Winfield v. State, 163 Tex. Cr. R. 445, 293 S.W. 2d 765, the defendant, a man, contended that he had been discriminated against in the selection of the jury that tried him, on account of the failure of the jury commissioners to select women on the panel. The appellant there conceded that he was not a member of the class discriminated against, but he urged the court to hold that any discrimination, if shown, would vitiate the panel.

This court held in the Winfield case that an accused may not urge discrimination against a class of which he is not a member.

This court cited with approval the Alexander case, 160 Tex. Cr. R. 460, 274 S.W. 2d 81. In that case the appellant was a white man. He attacked the indictment, alleging that race discrimination was practiced against one of the Negro race in the organization of the grand jury returning the indictment in his case. He asserted the proposition that the union of which a large portion were Negroes was involved. The defendant was indicted for burglary by discharge of firearms with intent to murder a person who was a member of the company employing union members, whereas the court held that the appellant, not being a member of that race, could not urge discrimination against members of the Negro race.

Since it is definitely established that one not a member of a race or class cannot urge discrimination by the exclusion of members of the race of which he is not a member, the converse of the proposition would certainly be true—that a woman could not be heard to complain that she had been discriminated against because members of her sex were included in the grand jury panel returning the indictment against her, nor could a Negro complain that he had been discriminated against by a grand jury that included members of his race.

After careful consideration of appellant's contention, the court feels that his position is not tenable.

Appellant's motion for rehearing is overruled.