## GEORGE A. SHAVER V. STATE

No. 32,592. November 30, 1960

Motion for Rehearing Overruled January 18, 1961

*Victor R. Blaine,* Houston 2, for appellant.

*Dan Walton,* District Attorney, *Carl E. F. Dally, Edward D. Michalek, Jr.,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is felony theft; the punishment, 2 years.

In view of the fact that the sufficiency of the evidence to sustain the conviction is not challenged, we will adopt from appellant's brief his statement of the facts, as follows:

"The complaining witness, Luther Royall, testified that on August 9, 1959, he was the owner of a Brown Lite transmission of the approximate value of Seven Hundred and Fifty ($750.00)

Dollars, and that it was located upon his mother's premises at Baytown, in Harris County, Texas; that the transmission disappeared from his mother's premises on the night of August 8, 1959, or the morning of August 9, 1959. Such witness further testified that he had sold the Defendant a truck approximately one month prior to the theft of the transmission and that he did not give the Defendant or anyone else permission to take the transmission from his possession. Witness Robert Ferguson testified that he purchased a Brown Lite transmission from the Defendant on August 9, 1959, and that it was delivered to him by the Defendant on that date and later identified by Luther Royall as the one taken from his possesion. The Defendant denied having taken the transmission from the complaining witness and testified that he purchased it from a person purporting to be Bobbie Nichols on the afternoon of August 8, 1959, and that the party who sold him the transmission signed a receipt acknowledging such sale on August 8, 1959. Defendant further testified that he sold the transmission to the witness Ferguson on August 9, 1959."

Two formal bills of exception appear in the record. The first reveal that upon the call of this cause appellant and one Chapman demanded a severance, at which time the prosecutor moved to dismiss as to Chapman, and said motion was granted; that in questioning the prospective jurors the prosecutor stated that appellant and Chapman had been jointly indicted; whereupon appellant moved the court to instruct the prosecutor not to again mention such fact since he intended to use Chapman as a witness. At this juncture, the court instructed the jury that appellant alone was on trial, and following this the indictment containing both names was read, and upon motion the court again gave the same instruction. The bill concludes with the recitation that Chapman testified in appellant's behalf.

It is appellant's contention that this bill shows a violation of Article 732a, V.A.C.C.P., which provides that the fact that a witness has been charged with an offense shall not be admissible in evidence for impeachment unless a conviction has resulted from said charge.

Article 642, V.A.C.C.P., requires that the indictment shall be read to the jury, and was not repealed by the enactment of Article 732a, supra, and we find no error reflected by the bill.

Bill of exception No. 2 reveals that while a state witness was testifying appellant's counsel asked him to see certain notes; the

court instructed the witness to show counsel such notes as he had used to refresh his memory, and such portion was furnished counsel, Appellant complains that he was not permitted to inspect the entire notes. The bill does not reflect that counsel ever moved the court to require the witness to furnish him such notes, and therefore fails to reflect reversible error. Castaneda v. State, No. 32,007 (Page 323 this volume), 340 S.W. 2d 489.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.