**Clem McCLELLAND, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 37833.**

Court of Criminal Appeals of Texas.

March 10, 1965.

Rehearing Denied May 5, 1965.

Second Motion for Rehearing Denied June 9, 1965.

Smith & Lehmann, by J. Edwin Smith, Houston, Reagan & Welch, by Jack Welch, Marlin, Dixie & Schulman, Jack J. Rawitscher, Houston, for appellant.

Frank Briscoe, Dist. Atty., Samuel H. Robertson, Jr., Carl E. F. Dally, Gus J. Zgourides, Asst. Dist. Attys., Houston, Thomas Bartlett, Jr., County Atty., Marlin, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

The conviction is for the offense of accepting a bribe; the punishment, five years confinement in the state penitentiary and a fine of $5,000.00.

The appellant was indicted for the offense of accepting a bribe from James Bryson Martin, Ross Evahn, David Hudson, E. R. Coffey, and R. M. Duren. It was alleged that the bribe accepted by the appellant was made to him by the five named persons to secure their appointment as appraisers, administrators, and guardians in probate proceedings in the Probate Court, of which the appellant was then Judge.

The appellant's motion for change of venue from Harris County was granted, and the case was tried in Falls County.

This is an appeal from appellant's trial and conviction in Falls County.

The state's testimony reflected that the appellant, Clem McClelland, was at the time alleged the duly elected and acting Probate Judge of Harris County, Texas. As Probate Judge, he was required by the Probate Code of the State of Texas to appoint appraisers, administrators and guardians in the cases filed in the Probate Court.

The state adduced evidence showing that James Bryson Martin, one of the parties involved in giving the bribe to the appellant, and two other persons acting as incorporators, obtained on December 2, 1960, Articles of Incorporation from the Secretary of State of the State of Texas, authorizing the corporation to do business under the name of Tierra Grande, Inc. It was shown that the other two parties were friends and former business associates of Martin, but that they had no financial or other interest in Tierra Grande, Inc. One of the parties merely accommodated the appellant by acting as an incorporator. The other party admitted her signature was genuine upon the Articles of Incorporation, but did not know when or under what circumstances it had been signed.

The evidence adduced by the state further showed that on December 2, 1960, a bank account for Tierra Grande, Inc., was opened in the Citizens State Bank in Houston, Texas. During that month, and every succeeding month until May, 1962, E. R. Coffey, R. M. Duren, Ross Evahn, David Hudson, and James Bryson Martin made frequent, unequal deposits into the account of Tierra Grande, Inc. Other than the deposits made by these individuals, there was only one other deposit in the amount of $5,000.00 made into the account. The deposits into the account were shown by voluminous bank records kept in the regular course of business of the Citizens State Bank, in which the Tierra Grande account was located. David Hudson and E. R. Coffey maintained bank accounts in the same bank, and from the records of their accounts it was shown that Hudson had deposited into the Tierra Grande account the total amount of $4,750.00, and E. R. Coffey had deposited the total amount of $3,666.10. Deposits totaling $7,975.00, shown to have come from his account in the Texas National Bank, were made by R. M. Duren. Deposits in the amount of $6,775.00, shown to have come from his account in the National Bank of Commerce, were made by Ross Evahn. Deposits made to the Tierra Grande, Inc., account by James Bryson Martin, totaling $558.00, were shown to have come from his account in the Bank of Texas. All of these banks were located in downtown Houston.

It was reflected from the state's testimony that the only two persons authorized to make withdrawals from the Tierra Grande, Inc., account were James Bryson Martin and Helen Smith. Helen Smith, who signed most of the checks, was and had been for a number of years the appellant's secretary.

From testimony adduced by the state, it was shown through the bank records kept in the regular course of business of the Citizens State Bank, that virtually all of the money which had been deposited into the Tierra Grande, Inc., bank account had been withdrawn systematically every month for the benefit of the appellant. The money was used to pay his club bills, parking garage fees, payment on automobiles, to send his son to camp, to pay gasoline bills, and a large part was paid to the appellant or to his wife directly. The records kept in the regular course of business of the Bank of the Southwest, where appellant maintained bank accounts, revealed that the checks drawn on Tierra Grande, Inc., payable to him or his wife, had been endorsed by them and deposited into their private accounts.

State's evidence adduced further showed that from January 1, 1961, to May, 1962, Judge McClelland had appointed James Bryson Martin, Ross Evahn, David Hudson, E. R. Coffey, and R. M. Duren as appraisers in estates for a total of 3511 times. In this same period of time, the appellant had appointed as appraisers 257 other persons, and they had acted a total of 2,225 times. This evidence was obtained from the public records of the Probate Court.

The evidence further revealed that each appraiser in each estate received a fee of $5.00 which was charged to the court costs and paid to him through the Court all during the time up to January, 1962, when this practice was discontinued. From a random sampling of the estates, it was shown that additional appraisal fees in substantial amounts were received by the five named appraisers, James Bryson Martin, E. R. Coffey, R. M. Duren, David Hudson, and Ross Evahn.

The appellant did not testify as a witness in his own behalf. He did introduce certain evidence showing that the various appraisers had received a large number of appointments before the formation of Tierra Grande, Inc.

The indictment, omitting the formal parts, charged:

"* * * that on or about the 2nd day of December, A.D. 1960, in said Coun-

ty and State, that Clem McClelland was then and there Judge of the Probate Court of Harris County, Texas, a judicial officer, the said Clem McClelland having been duly elected and qualified as such officer and having entered upon the duties of said office, a part of said duties being the appointment of appraisers, administrators and guardians in matters, causes, and proceedings filed in the Probate Court; and the said Clem McClelland did then and there unlawfully, wilfully, and corruptly accept a bribe from Ross Evahn, David Hudson, E. R. Coffey, R. M. Duren, and James Bryson Martin in that he did accept Twenty-Five Thousand Seven Hundred Eighty-Three Dollars and Ten Cents ($25,783.10) in money, and did then and there accept the same from the said Ross Evahn, David Hudson, E. R. Coffey, R. M. Duren, and James Bryson Martin under an agreement with the said Ross Evahn, David Hudson, E. R. Coffey, R. M. Duren, and James Bryson Martin with the understanding that his acts, decisions, judgments, and recommendations would be influenced thereby in his judicial capacity to thereafter appoint them, the said Ross Evahn, David Hudson, E. R. Coffey, R. M. Duren, and James Bryson Martin as appraisers, administrators, and guardians in matters, causes, and proceedings then pending before the said Clem McClelland in his judicial capacity, and in matters, causes, and proceedings which would thereafter be brought before and come before the said Clem McClelland in his judicial capacity in violation of his duty as said officer."

We think the evidence presented by this record conclusively shows that the five named persons, James Bryson Martin, David Hudson, E. R. Coffey, Ross Evahn, and R. M. Duren, each had an agreement with appellant and bribed him for the benefit of themselves with the understanding that his (appellant's) acts, decisions, judgments and recommendations would be influenced thereby in his judicial capacity to thereafter appoint them, as was done, as appraisers, administrators and guardians in causes then pending and in causes thereafter to be brought before appellant in his judicial capacity. The "dummy corporation", Tierra Grande, Inc., might be termed the "collector". This corporation took or collected the money from the five men, and it was in turn received and collected by appellant. The money went into a common pool, Tierra Grande, Inc. The money, of course, lost its identity or common source when it was deposited so that it would have been impossible to determine how much of each of the five men's deposits went to appellant at a given time. It is entirely possible that appellant made a separate and distinct arrangement with each of these five individuals. It is immaterial whether one of the five knew what the other four were doing or not. It is also immaterial whether each man had the same arrangement with appellant or not. One of them might have been paying in, or depositing only 5% of his fee to Tierra Grande, Inc., whereas, another might have been paying in 20% and other three 25%. All five men are under the terms of the indictment as "bribers". As we view the charge, when appellant agreed with one or more of these five to accept a bribe, to take something of value to influence his judgment, and he then did so, the offense was complete. The various payments that were made via Tierra Grande, Inc. were actually installments upon the existing agreement and in fulfillment of the nefarious bribery contract and were things done in furtherance of the operation agreement. The various acts and transactions of each of the five were admissible to show their scheme and design and agreement with appellant and their understanding with him, as well as being admissible to show the completion of the bribery act by them. We are not here dealing with extraneous offenses, but we are dealing with one offense involving many transactions.

We find the evidence abundantly sufficient to support the jury's verdict.

█ █ Appellant brings forward numerous contentions in his brief. Among them, he contends that the trial court erred in not sustaining his motion to quash the indictment. It is his position that the indictment is both insufficient to advise him of the nature and cause of the accusation against him and that it is duplicitous in that it charges more than one offense in the same count. While the order of the Court overruling appellant's motion to quash does not show an exception by appellant to the court's ruling, as required by Art. 760e, Vernon's Ann.C.C.P., to constitute an informal bill of exception under such article, Brooks v. State, 170 Tex.Cr.R. 555, 342 S.W.2d 439, we have nevertheless examined the indictment in the light of appellant's objections thereto. As we stated in our opinion in Martin v. State, delivered January 6, 1965, No. 37,037, not yet reported, the indictment follows the statute, and the allegations are sufficient to charge the offense of bribery under Art. 158, V.A.P.C.

█ Appellant's contention that the trial court erred in refusing to require the state to have elected upon which transaction they would rely for a conviction has already been answered by us. No election was necessary.

█ Complaint is made of the failure of the Court to charge on the law of principals. While it is true that such a charge was given in Martin v. State, supra, it should be remembered that Martin was charged as one of five men who had bribed one judge (this appellant). Such is not the case here because appellant is charged singularly with accepting bribes from five different men to perform a similar act for each of them and receive his reward through one common source. In such a case no charge on principals is required.

We have carefully examined appellant's remaining contentions. We think it unnecessary to unduly lengthen this opinion by writing further on any of these matters. We have previously expressed the views of this Court and fully answered some of these same contentions in our prior opinion in McClelland v. State, Tex.Cr.App., 373 S.W.2d 674. The other contentions do not, in our opinion, merit discussion.

Finding no reversible error, the judgment is affirmed.

## ON APPELLANT'S MOTION FOR REHEARING

DICE, Commissioner.

Appellant insists that we were in error in our holding that an election was not required under the facts and construes certain language in our opinion—when we stated: "It is entirely possible that appellant made a separate and distinct arrangement with each of the five individuals. * * * As we view the charge, when appellant agreed with one or more of the five to accept a bribe, to take something of value to influence his judgment, and he then did so, the offense was complete."—as holding that separate offenses of bribery were committed when payments were made by the five individuals named in the indictment.

By such language it was not our intention to hold that five separate offenses were committed, as we specifically pointed out that:

"We are not here dealing with extraneous offenses, but we are dealing with one offense involving many transactions."

The fact that R. M. Duren had been appointed administrator of the Hogan estate three years prior to the presentment of the indictment did not make the evidence of his receipt of $2,500 as an administrator's fee in the estate and the deposit of one-third of such amount into the Tierra Grande account proof of an extraneous offense. Such payment and deposit could have been for appointments and fees

in other estates, made after the offer to bribe was accepted by appellant.

Appellant also insists that we were in error in concluding that a charge on the law of principals was not required, and insists that the question is not whether he and the five individuals named in the indictment were principals but whether the five were acting together with each other as principals in the crime. It is argued that a charge on principals should have been given as to the five individuals so that the jury's consideration of the evidence of their acts and conduct could have been limited to the acts of those who the jury found were acting together as principals in the bribery of appellant.

By the very nature of the offense, the five individuals named in the indictment could not be principals in the acceptance of the bribe by appellant which they themselves were offering and paying.

The contention urged by appellant that the court erred in refusing to quash the indictment because of the public examination of state's witnesses in a court of inquiry prior to the return of the indictment was overruled in McClelland v. State, supra, cited in our original opinion, where it was held that such was not a ground for quashing an indictment in this state.

We have again examined the authorities, and adhere to such ruling.

In State v. Branch, 68 N.C. 186, cited by appellant, the witnesses upon whose testimony the indictment was presented were examined before the grand jury in open court.

No such procedure or facts are presented in the case before us.

The motion for rehearing is overruled.

Opinion approved by the court.