**Barbara Carol WATSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 48761.**

Court of Criminal Appeals of Texas.

Sept. 18, 1974.

Jerry J. Loftin, Ft. Worth, for appellant.

Tim Curry, Dist. Atty., John M. Anderson, Rufus J. Adcock and Terry K. Fleming, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

REYNOLDS, Commissioner.

The conviction is for murder without malice. The jury assessed punishment at confinement for five years.

Appellant, armed with a concealed weapon, sought, found, shot and killed Ester Hernandez on the deceased's premises. No weapon belonging to the deceased was found.

Appellant presented her version of the events leading to and culminating in the homicide. She and the deceased were friends. The night preceding the homicide, appellant and the deceased engaged in an argument during which the deceased threatened appellant's life. The following day, they twice engaged in fist fights, the last one occurring in appellant's apartment. After the last engagement, the deceased left, taking some of appellant's clothing. Appellant, entertaining fear for her life, armed herself and sought out the deceased to recover her clothing and to obtain an explanation. Confronting the deceased in the latter's apartment where another argument ensued, appellant killed the deceased in self-defense when the deceased reached for her gun. The interval of time before the police arrived was sufficient for someone to have entered the apartment and removed the deceased's gun.

The trial court's jury charge contained an instruction on appellant's unlimited right of self-defense. The court overruled objections to the charge for failure to instruct the jury, and refused appellant's special requested instructions to the effect that appellant had a right to arm herself because of the threats made by, and her apprehension of attack from, the deceased, and to seek out the deceased for a reasonable explanation of the threats made against her, and that her right of self-defense was not abridged thereby. These actions by the court constitute the subject matter of the first three grounds of error.

■ As the charge was drafted, the instructions appellant contends should have been given were not required. Since the charge instructed on appellant's unlimited right of self-defense, there was no necessity to charge on the effect of appellant's going armed to seek out the deceased for an explanation. Pierson v. State, 160 Tex.Cr.R. 567, 272 S.W.2d 901 (1954); Harris v. State, 158 Tex.Cr.R. 37, 253 S.W.2d 44 (1952); Porter v. State, 152 Tex.Cr.R. 540, 215 S.W.2d 889 (1948); Fisher v. State, 146 Tex.Cr.R. 16, 170 S.W.2d 773 (1943); McCoy v. State, 138 Tex.Cr.R. 138, 134 S.W.2d 273 (1939). The cases cited by appellant for the necessity of the instructions contended for are distinguishable in that the instruction on the defendant's right of self-defense in those cases was limited in some manner, such as by a charge on provoking the difficulty. The first three grounds are overruled.

The fourth ground that the court erred in failing to instruct on appellant's right to possess and carry arms upon her own premises is without merit. That instruction is contained in the charge between paragraphs 7 and 8.

■ The defense witness James Rivers had given a verified statement to the district attorney. On cross-examination, the witness said the statement was not true. The trial judge retired the jury and remarked that he was going to have the entire matter investigated by the grand jury since the witness had committed perjury. Contrary to appellant's intimation, a careful perusal of the record reflects that the remarks were not made in the presence of the witness. No exception was taken to

the court's comments. Thereafter, the witness testified further and "clarified" his sworn statement.

Citing Webb v. Texas, 409 U.S. 95, 93 S.Ct. 351, 34 L.Ed.2d 330, (1972), appellant says the court's warning was intimidation constituting reversible error. In *Webb,* the trial judge's admonishment to the sole witness for the defense, to which objection was made, was so severe that the witness refused to testify, thus depriving the defendant of due process.

Clearly, that is not the situation here. The trial judge's comments were not made to the witness, and the record does not suggest that the witness was aware of the comments. No objection was made. Furthermore and in any event, the witness testified, and there is neither a claim that his testimony was changed one iota because of, nor any showing that his manner of presentation of his testimony was affected by, the court's remarks. The final ground is overruled.

No reversible error being presented, the judgment is affirmed.

Opinion approved by the Court.