ABE FRAZIER v. THE STATE.

No. 8095.　Delivered May 13, 1925.

1.—Murder—Charge of Court—Self Defense.

Under the facts in this case, it was error to refuse special charge requested by appellant to the effect that if they should find and believe that deceased threatened the defendant with an assault, and drove him into his own house, and as he entered his own home cursed and abused the defendant, and threatened him, that then the defendant had a right to arm himself and to return to the presence of the deceased in an effort to settle the difficulty in an amicable way, that the fact that defendant did so arm himself would not in any way abridge his right of self defense.

2.—Same—Argument of Counsel—Held Improper.

Where counsel for the state in his closing address asserted, in effect, that the deceased was a good man and had the state been permitted to do so, they

would have proven that he was a good man, a law-abiding citizen. There was no evidence in the case which justified such argument, and for this error the cause must be reversed.

Appeal from the Criminal District Court of Dallas County. Tried below before the Hon. Felix D. Robertson, Judge.

Appeal from a conviction of murder; penalty, seven years in the penitentiary.

The opinion states the case.

*W. W. Nelms,* for appellant.

*Shelby S. Cox,* District Attorney, *Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, Judge.—Appellant was convicted in the district court of Dallas County for the offense of murder and his punishment assessed at confinement in the penitentiary for a term of seven years.

Very briefly stated, the facts show that the deceased and appellant were very close neighbors in an addition of the City of Dallas and that they had had various wordy differences and difficulties prior to the immediate time of the killing. Appellant's testimony shows that on the day of the night on which the killing occurred, deceased violently cursed and abused him and applied to him many vile and opprobrious epithets, and that at the time of the difficulty, appellant and deceased met and deceased again abused appellant, and appellant walked into his own home and got his pistol and return to where deceased was, it being appellant's theory that he was in fear of his life from deceased and armed himself and returned for the purpose of amicably settling the difficulty.

By bill of exceptions No. Two, appellant complains of the court's action in refusing to charge the jury that if they should find and believe that the deceased threatened the defendant with an assault and drove the defendant into his own home, and as the defendant entered his home cursed and abused the defendant and threatened the defendant, that then the defendant had the right to arm himself and to return to the presence of the deceased in an effort to settle the difficulty in an amicable way; and also requested the court to instruct the jury that the fact that defendant did so arm himself would not in any way abridge his right of self defense. Under the facts of this case, the charge embodying the principle stated should have been given, the court having given a charge on provoking the difficulty thus limiting appellant's right of self defense.

Bill of exceptions No. seven, complains of the closing argument of an attorney for the State. The argument complained of was as follows: "Mr. Burnie Banker was not armed, my friends. That's

a lie; that's a lie, you know it as well as I know it; they ask you if you men find him guilty to be merciful. He has been a good man. Let me tell you about that. Bernie Banker has been a good man, but let me tell you my friends the reason that the State is not permitted to introduce the good reputation or character of a deceased, unless they open it up,, unless they attack his reputation. The reason is that the. State has its hands tied, in other words, my friends, unless they attack his reputation, then the State can not bolster it up, then we are powerless to bring witnesses here to show you he was a good man and a law-abiding citizen. We are powerless to do that, because the law won't permit us to do this, God knows we would have done it, if they had opened up the avenue and given us the legal right to do it." The argument was objected to and the court was requested not to permit it, which request was by the court refused. A special charge was offered asking the court to instruct the jury that it was improper, and not to consider it, and this special charge was refused. This argument was a flagrant violation of the rules and practices of legitimate debate. It could have no other effect than that of permitting the prosecuting attorney to give in evidence facts against the defendant. The court should not have permitted this procedure, and his action in refusing to sustain appellant's objection thereto and his further action in refusing to instruct the jury to disregard it were both erroneous. Haygood v. State, 269 S. W. 438, and cases there cited. Skirlock v. State, this day decided.

There are many other assignments of error in the record properly preserved by bills of exception, but we take it that they may not occur on another trial of the case.

For the errors above-discussed, it is our opinion that the judgment of the trial court should be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.