W. G. DUNNE v. THE STATE.

No. 9424.   Delivered December 9, 1925.

**Murder—Charge of Court—Held, Erroneous.**

Where, on a trial for murder, the court having submitted the law of provoking a difficulty, the defensive theory supported by evidence being that appellant sought deceased to remonstrate with him about permitting his stock to enter appellant's field, the court should have instructed the jury that it was the right of the defendant to arm himself, and approach the deceased for the purpose of remonstrating with him against permitting his stock to run in appellant's field, and for this error, this cause must again be reversed. Following Clark v. State, 268 S. W. 456, and other cases cited.

Appeal from the District Court of Coryell County. Tried below before the Hon. J. B. Keith, Judge.

Appeal from a conviction for murder, penalty seven years in the penitentiary.

This is the second appeal of this case, the opinion on the former appeal being found in 263 S. W. 608.

The opinion states the case.

*McClellan & Cross,* Gatesville, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is murder and the punishment is seven years in the penitentiary.

This is a second appeal of this case, the opinion on former appeal being found in 263 S. W. 608.

There are many serious questions raised by appellant in his brief. A discussion of the most of these is deemed unnecessary in view of the fact that they may not arise in the same form on another trial of the case.

By bill of exception No. 19 appellant complains at the court's action in refusing to instruct the jury upon the right of the defendant to arm himself and approach the deceased at the time of the difficulty for the purpose of demanding that deceased should keep his stock out of defendant's field. The evidence clearly raised this issue, at least from the standpoint of that introduced by the defendant. In his charge to the jury, the court charged on provoking the difficulty and in so doing limited and qualified the appellant's right of self-defense and having qualified the right of self-defense by the charge mentioned, we think there can be no doubt but that the court should have amended his charge upon exception being urged to it and should have distinctly instructed the jury that it was the right of the defendant to arm himself and approach the deceased for the purpose of remonstrating with him against letting his stock run in the appellant's field. This principle we think is in accord with the rule long standing and often applied in this State. Clark v. State, 268 S. W. 456; Frazier v. State, 100 Tex. Crim. Rep. 157; Moore v. State, 258 S. W. 476; Shannon v. State, 28 S. W. 867; Fox v. State, 71 Tex. Crim. Rep. 318, 158 S. W. 1143. The above authorities are so clearly in point as to make a further discussion of the question unnecessary.

As above indicated, the other question so earnestly presented by appellant will probably not occur in the same form

in the event of another trial and a discussion of them is deemed unnecessary, but for the error of the court in failing to charge on the appellant's right to arm himself and seek the deceased for the purpose of remonstrating with him against his conduct in allowing his stock to run in the appellant's field, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.