PEARL HARRIS v. THE STATE.

No. 13668.    Delivered November 12, 1930.
Reported in 32 S. W. (2d) 459.

The opinion states the case.

*J. W. Yancy* of Lufkin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for two years.

The parties involved are negro women. The homicide occurred in a shoe store. When appellant met deceased, according to the version of the state, she informed deceased that she was going to kill her. Deceased replied: "Don't do that." An altercation ensued in which appellant cut deceased with a knife. It was appellant's theory, given support in the testimony, that appellant's husband and deceased had been living together in adultery; that she (appellant) sought deceased for the purpose of asking her to let her husband alone. Appellant testified that deceased made the first attack with a knife and that she received a wound on the arm before she stabbed deceased. There was testimony of threats made by deceased against appellant.

The court charged on self-defense. Also an instruction covering the law of provoking the difficulty was submitted. Appellant sought to have the court advise the jury that she had the right to seek deceased and interview her relative to her conduct with appellant's husband for the purpose of inducing deceased to let her husband alone, and that if there were reasonable grounds for believing that such interview might be accompanied by danger of death or serious bodily harm, the right of self-defense would not be abridged merely

by the fact that appellant carried a knife with her on the occasion of the interview. The charge of the court was excepted to for its failure to embody this principle. We are of the opinion that the learned trial judge fell into error in declining to amend the charge. Bradford v. State, 287 S. W. 257; Shannon v. State, 28 S. W. 687.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

HAWKINS, J., absent.