Roy Allen YOUNG, Appellant,

v.

The STATE of Texas, Appellee.

No. 50600.

Court of Criminal Appeals of Texas.

Dec. 3, 1975.

---

Glen Williamson, Kermit (Court appointed), for appellant.

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for the offense of voluntary manslaughter, a second degree felony, growing out of the primary count of murder in the indictment. Having found that the appellant had been previously convicted of a felony, the jury assessed punishment at fifty (50) years. See V.T.C.A. Penal Code Sec. 12.42(b). The offense was shown to have occurred on January 21, 1974.

At the outset we are confronted with appellant's ground of error in which he complains that the trial court erred in failing to charge the jury on the appellant's right to arm himself and seek out the deceased in order to obtain an amicable adjustment of their differences. The record reflects the court submitted a charge on self-defense but limited the appellant's right of self-defense by giving instructions on provoking the difficulty. The appellant timely requested and was refused the following requested charge # 4.

"You are further instructed as a part of the law that the defendant, Roy Allen Young, had the right to go to the house of the deceased on the occasion of the homicide for the purpose of seeking an amicable adjustment of their difference; and, if he feared an attack upon him by deceased, he had the right to arm himself before going to deceased's home, for the purpose of protecting himself from any such anticipated attack; and his right of self defense would not in any manner be cut off or abridged for thus acting." [1]

Appellant had testified in his own behalf during the trial and stated that the deceased had threatened him while the deceased was in the penitentiary and later in the county jail. It was stated by appellant that he had a conversation with his brother on the day of the shooting and that as a result of this conversation he was scared of the deceased. Appellant said that he feared for his life and went to talk to the deceased and "try to get it straight." At the deceased's home appellant said that the deceased came up to him with a broom and made threatening remarks. The deceased then started kneeing and kicking appellant in the privates and swinging his arms. Appellant stated that because of his fear of the deceased he backed up and shot the deceased twice.

The defense witness Larry Mills testified as to the deceased coming at appellant with a broom and kicking appellant in the privates and then appellant shooting at the deceased twice. Ronnie King had earlier testified for the State that appellant had been told to leave by the deceased as he wanted no trouble. The appellant, according to King, had then started to pull a gun and the deceased grabbed for the gun and appellant shot the deceased twice. King said that the deceased had a knife but had not tried to use it.

■ It is apparent from the testimony of the witness King that the evidence was sufficient to raise the issue of provoking the difficulty, and the court did not err in charging the jury thereon. *Garcia v. State*, 522 S.W.2d 203 (Tex.Cr.App.1975). The issue of self-defense having been so limited, we now address ourselves to the issue as to whether appellant was entitled to submission of his charge. It is clear from the testimony of appellant that he did raise the issue.

■ It has been the consistent holding of this court that unless the court's charge places some limitation upon the accused's right of self-defense, such as by charge on provoking the difficulty or otherwise, a charge on the right to carry arms is not

1. See McClung's Jury Charges for Texas Criminal Practice, Rev.Ed.1973, p. 91.

necessary. *Watson v. State*, 513 S.W.2d 577 (Tex.Cr.App.1974); *De La Cruz v. State*, 490 S.W.2d 839 (Tex.Cr.App.1973); *Cavazos v. State*, 423 S.W.2d 582 (Tex.Cr.App.1968); *Donaldson v. State*, 372 S.W.2d 339 (Tex.Cr. App.1963); *Pierson v. State*, 160 Tex.Cr.R. 567, 272 S.W.2d 901 (1954); 4 Branch's Ann. P.C., 2d ed., Sec. 2129, p. 453.

On the other hand, it is equally well settled that if the court's instruction limits the accused's right of self-defense by a charge on provoking the difficulty, then the jury should be advised in a proper instruction under the facts that the accused's right of self-defense would not necessarily be abridged by the fact that he carried arms to the scene of the difficulty if such instruction is supported by the evidence. *Porter v. State*, 152 Tex.Cr.R. 540, 215 S.W.2d 889 (1948); *Hunter v. State*, 137 Tex.Cr.R. 289, 128 S.W.2d 1176 (1939); *Harris v. State*, 116 Tex.Cr.R. 426, 32 S.W.2d 459 (1930); *Allen v. State*, 102 Tex.Cr.R. 441, 278 S.W. 201 (1925); *Frazier v. State*, 100 Tex.Cr.R. 157, 272 S.W. 454 (1925); *Clark v. State*, 99 Tex.Cr.R. 80, 268 S.W. 465 (1925).

In 4 Branch's Ann.P.C., 2d ed., Sec. 2126, p. 451, it is stated:

"The settled law now is that, unless the court has abridged the defendant's right or claim of self-defense by giving a charge on 'provoking the difficulty,' it is not necessary in any case for the court to charge on the defendant's right to arm himself or to charge on his right to seek a discussion with or an explanation from the deceased about any matter, provided a full charge on self-defense is given. But if the court has charged on provoking the difficulty, then it is imperative and necessary under the decisions that the court give a charge on the defendant's right to arm himself and seek such explanation. *Dunne v. State*, 102 [Tex.] Crim. [R.] 435, 278 S.W. 201; *Harris v. State*, 116 [Tex.] Crim. [R.] 426, 32 S.W.2d 459; *Porter v. State*, 152 [Tex.] Crim. [R.] 540, 215 S.W.2d 889."

In 29 Tex.Jur.2d, Homicide, Sec. 332, p. 647, it is also pointed out that:

"An instruction on the right to arm is, ordinarily, called for where the issue of provocation is left to the jury. In such a situation, the jurors should be advised that the defendant's right of self-defense would not necessarily be abridged by the fact that he was armed."

The State, in its brief filed by the Honorable Jim Vollers, agrees that the law, as discussed above, was well settled until the effective date of the 1974 Penal Code, but urges the new Code carried with it a change in the law of self-defense as set out in Sections 9.31 and 9.32 [2] of such Code. It is urged that Section 9.31 was an attempt to codify the existing case law pertaining to

---

2. Said Sections 9.31 and 9.32 read as follows:

"§ 9.31. Self-Defense

"(a) Except as provided in Subsection (b) of this section, a person is justified in using force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself against the other's use or attempted use of unlawful force.

"(b) The use of force against another is not justified:

"(1) in response to verbal provocation alone;

"(2) to resist an arrest or search that the actor knows is being made by a peace officer, or by a person acting in a peace officer's presence and at his direction, even though the arrest or search is unlawful, unless the resistance is justified under Subsection (c) of this section;

"(3) if the actor consented to the exact force used or attempted by the other; or

"(4) if the actor provoked the other's use or attempted use of unlawful force, unless:

"(A) the actor abandons the encounter, or clearly communicates to the other his intent to do so reasonably believing he cannot safely abandon the encounter; and

"(B) the other nevertheless continues or attempts to use unlawful force against the actor.

"(c) The use of force to resist an arrest or search is justified:

"(1) if, before the actor offers any resistance, the peace officer (or person acting at his direction) uses or attempts to use greater force than necessary to make the arrest or search; and

"(2) when and to the degree the actor reasonably believes the force is immedi-

self-defense and that provoking the difficulty limitation upon self-defense was written into Subsection (b)(4) of said Section 9.31 and that since the Legislature saw fit to include the law on provoking the difficulty but failed to include any provision on the right of an actor (accused) to arm himself and seek an explanation, such right no longer exists. Further, the State argues that under Section 9.32 of the Penal Code a defendant must now retreat before exercising his right of self-defense if a reasonable person would do so under the circumstances and that this is inconsistent with appellant's requested charge in the instant case.

■ We cannot agree from a reading of sections of the Penal Code involved or from a history of the enactment itself that it was the intention of the Legislature to codify all existing case law on self-defense and that part not mentioned no longer would have application under the new Code. Further, the requirement to retreat is not applicable in the use of non-deadly force and only comes into play before the use of deadly force. See and cf. Section 9.32.

Hence, if an actor's purpose was to seek an amicable adjustment of differences with the deceased, etc., he would not be confronted with need for the use of deadly force until the deceased made such use imperative. Thus, not until after the situation arose as to the necessity of using deadly force would appellant be faced with the decision as to whether to retreat. Further, at the time the test set forth would be whether a reasonable person in the actor's

situation would have retreated. The State's reliance on the new Penal Code is misplaced.

■ We decline to overrule the rule the State seeks to abolish which has long been part of the case or decisional law of this State, see, i. e., *Cartwright v. State,* 14 Tex.App. 486, 502 (1883); *Parker v. State,* 18 Tex.App. 72, 86 (1885); *Shannon v. State,* 35 Tex.Cr.R. 2, 28 S.W. 687 (1894); *Hall v. State,* 44 Tex.Cr.R. 444, 60 S.W. 769 (1901), and see no conflict of such rule with the new Penal Code. Thus, the failure of the trial court to grant the requested charge as to appellant's right to arm and seek an explanation, which charge was supported by the evidence, constitutes reversible error.

The judgment is reversed and the cause remanded.

ately necessary to protect himself against the peace officer's (or other person's) use or attempted use of greater force than necessary.

"(d) The use of deadly force is not justified under this subchapter except as provided in Sections 9.32, 9.33, and 9.34 of this code."

"§ 9.32. Deadly Force in Defense of Person

"A person is justified in using deadly force against another:

"(1) if he would be justified in using force against the other under Section 9.31 of this code;

"(2) if a reasonable person in the actor's situation would not have retreated; and

"(3) when and to the degree he reasonably believes the deadly force is immediately necessary:

"(A) to protect himself against the other's use or attempted use of unlawful deadly force; or

"(B) to prevent the other's imminent commission of aggravated kidnapping, murder, rape, aggravated rape, robbery, or aggravated robbery."