James Lorenza WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 57381.

Court of Criminal Appeals of Texas, Panel No. 3.

May 2, 1979.

Howard B. Law, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Maridell J. Templeton, C. Wayne Huff and Paul D. Macaluso, Asst. Dist. Attys., Dallas, and Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, PHILLIPS and W. C. DAVIS, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for aggravated assault; punishment was assessed at five years.

In his fifth ground of error, appellant asserts the trial court "erred in refusing appellant's requested charge on self defense and for failing to properly charge the jury on self defense under the facts of the case." Although no argument or authorities are presented in support of this ground of error, the record does contain the court's charge to the jury and appellant's written requested charges on self-defense that were overruled by the trial court. We are able to determine the basis for appellant's complaint and therefore consider his ground of error. Art. 40.09(9), V.A.C.C.P.

The court submitted a charge on self-defense, and then restricted the right of self-defense with this instruction on provoking the difficulty:

"The use of force against another is not justified if the defendant provoked the other's use or attempted use of unlawful force, unless the defendant abandons the encounter, or clearly communicates to the other his intent to do so reasonably believing he cannot safely abandon the encounter; and the other nevertheless continues or attempts to use unlawful force against the defendant."

Among appellant's requested charges that were denied by the trial court was this one:

"You are instructed that the defendant had the right, under the law, to arm himself against any attack or threatened attack which the assailants, Edward Mathis or Thomas Mason, alias Marshall, might make upon him."

We spoke to this area of the law and its continued vitality under the 1974 Penal Code in the case of *Young v. State,* 530 S.W.2d 120:

"It has been the consistent holding of this court that unless the court's charge places some limitation upon the accused's right of self-defense, such as by charge on provoking the difficulty or otherwise, a charge on the right to carry arms is not necessary. *Watson v. State,* 513 S.W.2d 577 (Tex.Cr.App.1974); *De La Cruz v. State,* 490 S.W.2d 839 (Tex.Cr.App.1973); *Cavazos v. State,* 423 S.W.2d 582 (Tex.Cr. App.1968); *Donaldson v. State,* 372 S.W.2d 339 (Tex.Cr.App.1963); *Pierson v. State,* 160 Tex.Cr.R. 567, 272 S.W.2d 901 (1954); 4 Branch's Ann.P.C., 2d ed., Sec. 2129, p. 453.

"On the other hand, it is equally well settled that if the court's instruction limits the accused's right of self-defense by a charge on provoking the difficulty, then the jury should be advised in a proper instruction under the facts that the accused's right of self-defense would not necessarily be abridged by the fact that he carried arms to the scene of the difficulty if such instruction is supported by the evidence. *Porter v. State,* 152 Tex. Cr.R. 540, 215 S.W.2d 889 (1948); *Hunter v. State,* 137 Tex.Cr.R. 289, 128 S.W.2d 1176 (1939); *Harris v. State,* 116 Tex. Cr.R. 426, 32 S.W.2d 459 (1930); *Allen v. State,* 102 Tex.Cr.R. 441, 278 S.W. 201 (1925); *Frazier v. State,* 100 Tex.Cr.R. 157, 272 S.W. 454 (1925); *Clark v. State,* 99 Tex.Cr.R. 80, 268 S.W. 465 (1925).

" . . .

"We cannot agree from a reading of sections of the Penal Code involved or from a history of the enactment itself that it was the intention of the Legislature to codify all existing case law on

self-defense and that part not mentioned no longer would have application under the new Code. . . .

" . . .

"We decline to overrule the rule the State seeks to abolish which has long been part of the case or decisional law of this State, see, i. e., *Cartwright v. State,* 14 Tex.App. 486, 502 (1883); *Parker v. State,* 18 Tex.App. 72, 86 (1885); *Shannon v. State,* 35 Tex.Cr.R. 2, 28 S.W. 687 (1894); *Hall v. State,* 44 Tex.Cr.R. 444, 60 S.W. 769 (1901), and see no conflict of such rule with the new Penal Code. Thus, the failure of the trial court to grant the requested charge as to appellant's right to arm and seek an explanation, which charge was supported by the evidence, constitutes reversible error."

In this case the court restricted the right to self-defense with a charge on provoking the difficulty and the court denied appellant's requested charge on the right to arm himself. Resolution of the issue on appeal of whether the trial court's action constitutes reversible error turns on whether the evidence raised the issue.

The State in its brief on appeal argues only that the evidence did not raise the issue. The record is otherwise.

Appellant's version of the events on the day in question differ markedly from those of the State's witnesses. Appellant was confronted at the tennis court in a park in Dallas by Edward Mathis, the complaining witness in this case, and Thomas Mason, who was known to appellant as Thomas Marshall. Mathis weighed 235 pounds and Mason weighed more. Accordingly to appellant's testimony Mason was making threats to him and Mathis was acting with him and backing him up. Mason was carrying a tree limb and two beer bottles. Appellant fled the park on foot because Mason and Mathis prevented him from getting to his parked car. Ten to twenty minutes later appellant returned to the park with a shotgun to retrieve his car. When he arrived he discovered that his car, which he had left his keys in, had been locked by someone. As he approached the car he saw

Mathis crouched over in a squatting position. It appeared to appellant that Mathis was aiming something at him. Appellant explicitly testified that he thought Mathis had a gun. Appellant loaded his single barrel shotgun and fired one shot in front of Mathis to scare him. Mathis then started to move toward appellant, so he loaded a second shot and fired it in the air because he thought Mathis was coming toward him with a gun.

■ Although the State's witnesses contradicted appellant's version of what happened, the issue of whether the charge should have been given depends on what testimony was presented, not what is or is not believed as to the truth of that testimony. We find that appellant's testimony raised the issue of self-defense. Although it is questionable whether the evidence authorized a charge on provoking the difficulty, since the self-defense charge was restricted by a charge on provoking the difficulty, appellant was entitled to have the jury instructed as well on the right to carry the shotgun to the scene to protect himself against possible unlawful attack against him while he attempted to retrieve his car. His requested charge was sufficient to inform the trial court of the need for such a charge, and denial of such a charge constituted reversible error.

The judgment is reversed and the cause remanded.