**Alfredo JIMENEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–88–00032–CR.**

Court of Appeals of Texas, San Antonio.

Nov. 9, 1988.

Discretionary Review Refused Feb. 22, 1989.

Richard O. Gonzales, Uvalde, for appellant.

Rogelio Munoz, Dist. Atty., Uvalde, for appellee.

Before ESQUIVEL, CANTU and DIAL, JJ.

## OPINION

DIAL, Justice.

This is an appeal from a conviction for the offense of attempted murder. The defendant was found guilty in a jury trial, and his punishment was set by the court at confinement for eight years and a fine of $1,000.00.

In three points of error, the appellant complains that the trial court reversibly erred in one paragraph of its charge.

The trial court first correctly charged the jury on the law of attempted murder and appropriately applied the law to the facts of the case. The court then gave a correct explanation of the law of self-defense and correctly applied it to the facts of the case.

The court then charged the jury in the abstract on the legal consequences of the victim, Peter Soto, abandoning the difficulty. No attempt was made to apply this law to the facts of the case, and the defendant made no objection to this portion of the charge.

The court then charged the jury in a separate paragraph as follows:

You are further instructed that the victim, Peter Soto, had the right to go to the house of the defendant on the occasion of the shooting for the purpose of seeking an amicable adjustment of their differences, and, if he feared an attack upon himself by the defendant, Alfredo Jimenez, he had the right to arm himself before going to defendant's home, for the purpose of protecting himself from such anticipated attack.

Defense counsel objected to the above paragraph in the charge for the reasons: (1) the instruction only applies to the right of a defendant to go to the house of the victim to seek an amicable adjustment of the differences and not the right of the victim to go to the house of the defendant to seek an amicable adjustment of the differences; (2) an amicable adjustment of differences cannot be obtained whenever the alleged victim is taking a baseball bat with him to do that; and (3) it is only proper if there is a charge on provoking the difficulty.

The evidence showed that there had been "bad blood" between the defendant and the complaining witness, Peter Soto, for some time. On the occasion in question, the two men were driving in separate cars and exchanged obscene gestures. The defendant drove away, and Soto followed in his vehicle. Soto made several unsuccessful efforts to stop the defendant's car. The defendant finally stopped his car, and Soto exited his vehicle armed with a baseball bat. The confrontation culminated with the defendant shooting Soto.

The law is well settled in Texas that where the court has instructed the jury on the defendant's right of self-defense but has placed a limitation on the right by an instruction such as provoking the difficulty, the jury should be further advised that the defendant's right of self-defense would not necessarily be abridged by the fact that he carried arms to the scene of the difficulty. *Young v. State*, 530 S.W.2d 120, 121–22 (Tex.Crim.App.1975). We know of no authority, nor are we cited to any by the parties, that requires or permits a charge concerning the right of the victim to arm himself and seek an amicable settlement.

The instruction amounted to the court singling out a portion of the testimony and improperly commenting on its weight in the jury instructions. *Chambers v. State*, 700 S.W.2d 597, 599 (Tex.Crim.App.1985); TEX. CODE CRIM.PROC.ANN. art. 36.14 (Vernon Supp.1988). We find that the trial court committed error by giving these instructions.

To determine if this charging error is reversible, we must apply the standard of review in criminal cases found in TEX. CODE CRIM.PROC.ANN. art. 36.19 (Vernon 1981), i.e., that the judgment should not be reversed unless the error appearing from the record was calculated to injure the rights of the defendant or deprived him of a fair and impartial trial. The Court of Criminal Appeals has interpreted this statute to mean that if the error in the charge was the subject of a timely objection in the trial court, then reversal is required if there was some harm to the accused from the error. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1984). We are cautioned to examine the entire charge, all the evidence and any other relevant information in the record to determine the actual degree of harm.

Here the jury could have concluded from the evidence that Peter Soto was in fact the aggressor in the difficulty, and the defendant shot Soto to avoid being beaten by him with a baseball bat. The instruction given the jury that Soto had a right to arm himself and seek an amicable adjustment did not tell the jury how this had a bearing on the defendant's reasonable belief that Soto was about to use unlawful deadly force against him. At the very least, the instructions placed Soto in a more favorable position in the eyes of the jury. It may also have effectively abridged the defendant's right of self-defense.

We cannot say that the charge did not harm the defendant to some degree.

Accordingly, we reverse the judgment and remand the cause for a new trial.