IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-051-CR




GARY SALAZAR,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT



NO. 0911274, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of murder and assessed punishment at imprisonment
for thirty-seven years. Tex. Penal Code Ann. § 19.02 (West 1989). We will affirm. 

 On the night of February 8, 1991, members of an Austin street gang called the
"Latin Kings" threw a bottle at a car driven by Mark Gonzales, a member of a rival gang called
the "Brothas." A chase ensued during which one of the "Latin Kings" pointed a pistol at
Gonzales. Later that night, Gonzales went to appellant's house and told him what had happened. 
Appellant, also a member of the "Brothas," armed himself with a sawed-off shotgun. Appellant,
Gonzales, and a third man then drove to the house occupied by Gabriel Loera, one of the "Latin
Kings" involved in the earlier incident. As the three "Brothas" drove slowly past Loera's house
in a pickup truck, appellant fired several shots with the shotgun, fatally wounding Michael
Rangel.

 Rangel was a longtime friend of Loera, but was not a member of any gang. On
the night in question, he and his wife stopped by Loera's house to visit, and Rangel was standing
in the front yard talking with Loera when appellant and his comrades drove past. From all that
appears in the record, Rangel had the misfortune of being in the wrong place at the wrong time. 
 In his third point of error, appellant complains of rulings by the district court
excluding testimony from three witnesses, one of whom was his mother, Mary Salazar. Salazar
would have testified that shots were fired at her house from passing cars on December 30, 1990,
January 6, 1991, and June 17, 1991. Salazar did not know who fired these shots, but she had
heard that it was members of the "Latin Kings." Appellant knew about these incidents, but was
not present when they occurred. 

 Appellant argues that Salazar's testimony was relevant to show appellant's state of
mind on the night of the charged offense. See Tex. Penal Code Ann. § 19.06(a) (West Supp.
1993). This argument is plainly without merit as it relates to the June 1991 incident, because it
took place after the shooting for which appellant was on trial. We also believe that the district
court could reasonably conclude that the December 1990 and January 1991 incidents were also
irrelevant, as there was no evidence linking the deceased to them in any way. Furthermore, Mary
Salazar's testimony would have added nothing to that of Austin police officer Mark Gil, who
described the drive-by shootings at Salazar's house and testified that threats against appellant's
family had been made by members of the "Latin Kings." See Tex. R. Crim. Evid. 403.

 Appellant also contends that he should have been permitted to introduce the
testimony of Austin police officers Hipolito and Zahara. The record does not clearly reflect what
the officers' testimony would have been. Tex. R. Crim. Evid. 103(a)(2); Tex. R. App. P. 52(b). 
Apparently, Hipolito made an entry in police records that the shootings at Mary Salazar's house
were gang-related, while Zahara was one of the officers who investigated the June 1991 incident. 
The relevance of the officers' proposed testimony is not established.

 We hold that the district court did not abuse its discretion by excluding the
proffered testimony of Mary Salazar and officers Hipolito and Zahara. The third point of error
is overruled.

 The driver of the pickup from which appellant fired the fatal shots testified that
someone shot at them as they drove past Loera's house and that appellant returned fire. 
Accordingly, the district court's charge to the jury included an instruction on the use of deadly
force in self-defense. Tex. Penal Code Ann. § 9.32 (West Supp. 1993). The court limited the
self-defense instruction by including a charge on provoking the difficulty. In point of error four,
appellant complains that the court erred by refusing his request for an instruction on his right to
arm himself. The requested instruction read:



You are instructed further in connection with the law of self defense that if you
find from the evidence that shortly prior to the killing the defendant reasonably
apprehended an attack upon his person by the deceased or another acting with him,
then the fact that the defendant armed himself with a gun would in wise [sic] lessen
his right of self defense because he would have a right to arm himself if he
reasonably feared an attack.



 When the trial court limits the defendant's right to self-defense by giving an
instruction on provoking the difficulty, the jury should be advised that the defendant's right of
self-defense is not necessarily abridged by the fact that he carried arms to the scene of the
difficulty if the evidence supports the instruction. Young v. State, 530 S.W.2d 120, 122 (Tex.
Crim. App. 1975); Brunson v. State, 764 S.W.2d 888, 890-91 (Tex. App.--Austin 1989, pet.
ref'd). Whether a trial court reversibly errs by failing to instruct the jury on the defendant's right
to arm himself turns on whether the evidence raised the issue. Williams v. State, 580 S.W.2d
361, 363 (Tex. Crim. App. 1979). Appellant argues that "[t]he evidence clearly showed through
the testimony of Officer Gil that the Appellant and his family were still in danger from the Latin
Kings and that Mark Gonzales was in imminent danger."

 We will assume for the purpose of this opinion that the attack on Gonzales earlier
that night and the drive-by shootings during the preceding months gave appellant an arguable basis
for fearing an attack by members of the "Latin Kings." But the jury instruction requested by
appellant, and that he now argues should have been given, conditioned appellant's right to arm
himself on a jury finding that he "reasonably apprehended an attack upon his person by the
deceased or another acting with him." There is no evidence in the record from which the jury
could have made such a finding. It was undisputed that Michael Rangel was not a member of the
"Latin Kings" or any other gang, and there was no evidence that he was involved in the earlier
drive-by shootings. Gonzales testified that Rangel was not involved in the attack against him. 
In the absence of any evidence to support the requested instruction, no error is shown. Point of
error four is overruled.

 In point of error one, appellant urges that the district court erred by failing to
request the assignment of another judge to hear appellant's motion for recusal. See Tex. Gov't
Code Ann. § 74.059(c)(3) (West 1988). After the first witness testified, the jury was removed
and the district judge stated for the record that it had come to his attention that he had represented
the deceased in a criminal case several years previously. Defense counsel made an oral motion
for recusal on the ground that "the Court's rulings and decisions on motions and admissibility of
evidence may, in some way at some time, be affected by your Honor's representation of the
deceased in the past." See DeBlanc v. State, 799 S.W.2d 701, 705 (Tex. Crim. App. 1990)
(motion for recusal should be in writing and filed ten days before trial or hearing). The motion
was overruled and trial resumed. The next morning, before the jury was brought to the
courtroom, the judge stated that he had arranged for the appointment of a judge to hear the recusal
motion and asked defense counsel if she desired to have a hearing. Counsel replied that, after
researching the question and speaking to appellant, she was "satisfied with the proceedings as
already had and we are not asking for [a hearing] at this point." 

 Appellant argues that the district court erred by failing to immediately stop the trial
when the oral motion for recusal was made. Any error was waived, however, when appellant
withdrew the motion the following day. Point of error one is overruled.

 Appellant's second point of error asserts that his trial counsel's withdrawal of the
recusal motion constituted ineffectiveness. To prevail on this point, appellant must demonstrate
that counsel's decision was outside the wide range of professionally competent assistance and that,
but for this decision, the result of the trial probably would have been different. Hernandez v.
State, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986). Appellant satisfies neither burden.

 Appellant makes no effort in his brief to show that the district judge's previous
representation of the deceased was a proper ground for recusal. In the absence of any showing
that the recusal motion would or should have been granted, appellant does not demonstrate that
counsel's decision to withdraw the motion constituted ineffectiveness.

 Appellant also fails to demonstrate harm as a result of counsel's decision. 
Appellant notes that twenty-eight of the State's thirty-four trial objections were sustained by the
court, while only three of appellant's sixteen trial objections were sustained. This statistical
comparison proves nothing, however, in the absence of a showing that the court's rulings were
incorrect. Appellant also cites four instances in which he claims the district court displayed
partiality in favor of the State. Each instance involves a ruling by the court on an objection by
the prosecutor or by defense counsel. Appellant does not cite any authority to support the
conclusion that these rulings were improper. We have carefully reviewed the record and find
appellant's allegation of partiality or favoritism on the part of the district court to be baseless. 
Point of error two is overruled.

 The judgment of conviction is affirmed.


[Before Chief Justice Carroll, Justices Aboussie and Jones]

Affirmed

Filed: April 21, 1993

[Do Not Publish]