IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00132-CR

 

Tejuan Demarcus McGowan,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 



From the 54th District Court

McLennan County, Texas

Trial Court No. 2003-1291-C

 



O p i n i o n










 

          Appellant
was convicted by a jury of the offense of murder.  The jury assessed the
statutory maximum punishment of life in prison plus a $10,000 fine.  He
appealed.

          Appellant and his acquaintance, Robert
Levi, had a protracted argument involving a $50 dispute stemming from the sale
of a car.  On April 16, 2001, Appellant was driving along the streets of Waco when he saw Levi in another car.  After a series of maneuvers, the two men met in the
middle of North 9th Street.  They were arguing over the $50 when Appellant
pulled a pistol and shot at Levi four times.  Levi died at the scene.  The
sufficiency of the evidence is not challenged.

          In three issues, Appellant complains
that the trial court failed to properly instruct the jury about his right to
arm himself, impermissibly restricted his right to cross-examine a witness
about a prior arrest of the victim, and improperly excluded evidence of one of
the victim’s prior criminal convictions.  We overrule these issues and affirm
the conviction.

          In his
first issue, Appellant argues that the trial court erred by not including his
requested charge on “the right to arm oneself in anticipation of an attack.” 
The trial court properly charged the jury on self-defense but denied Appellant’s
request for the following additional instruction:

You
are instructed that in connection with the law of self defense that if you find
from the evidence that shortly prior to the killing, the defendant reasonably
apprehended an attack upon his person by the deceased, then the fact that the
defendant armed himself with a gun would in no wise impair or lessen his right
of self defense because he would have a right to arm himself if he reasonably
feared such an attack.

 

          Appellant argues that he is entitled
to this instruction under an old line of cases.  Cottom v. State, 91 Tex. Crim. 534, 240 S.W. 918 (Tex. Crim. App. 1922); Cartwright v. State, 14 Tex. Ct. App. 486, 1883 Tex. Crim. App. LEXIS 202 (Tex. Ct. App. 1883).  Neither case is
directly on point.  Indeed, neither Cartwright, Cottom nor any other
case cited by Appellant discusses, much less establishes, an entitlement to a
charge on “the right to arm oneself in anticipation of an attack” such as Appellant
requested in this case.  What those cases did establish was the right to a
charge that the defendant could “arm himself and seek an explanation,” but such
a charge was given only if the charge had already limited the right to
self-defense by containing instructions about “provoking the difficulty.”  See
Young v. State, 530 S.W.2d 120 (Tex. Crim. App. 1975) (contains a
collection of cases and secondary authority tracing the history of the charge
back to the 1883 Cartwright[1]
case).  In the instant case, there was a charge on self-defense but no
limitation was contained about provoking the difficulty.  Thus, even under this
line of cases, Appellant would not be entitled to any sort of “right to arm”
charge.

          Additionally, as the State urges, the
current statute on self-defense, which has been in effect since January 1,
1974, expressly excludes from the self-defense justification the situation
where the defendant seeks an explanation while armed but is illegally carrying
the weapon.  Tex. Penal Code Ann.
§ 9.31(b)(5)(A) (Vernon 2003).  The evidence was undisputed that Appellant was
unlawfully carrying the murder weapon at the time of the offense.

          Finally, in 1998 the Court of Criminal
Appeals found inapplicable to a post-1974 Penal Code case a long line of cases
which provided that a defendant was entitled to a jury instruction on the
defense of alibi.  Giesberg v. State, 984 S.W.2d 245 (Tex. Crim. App.
1998).  The court reasoned that “[O]nly the Legislature can establish defenses
and affirmative defenses to criminal offenses and that only those defenses and
affirmative defenses entitle defendants to defensive and affirmative defensive
instructions in the jury charge.”  Id. at 250.  Since the legislature
had not expressly designated “alibi” as a statutory defense, there was no
longer any basis for charging the jury on alibi.  Id.  Following Giesberg,
two courts of appeals have now reasoned that the “right to arm” charge was not
contained in the 1974 Penal Code and therefore a defendant is no longer
entitled to a “right to arm” instruction under any circumstances.  Fonseca
v. State, No. 04-03-00398–CR, 2004 Tex. App. LEXIS 9916, *9-10 (Tex. App.—San Antonio, Nov. 10, 2004, pet. dism’d) (mem. op.); Castaneda v. State, 28 S.W.3d
216, 226 (Tex. App.—El Paso 2000, pet. ref’d).  We agree with both of these
courts.  For a case under the 1974 Penal Code, since the Legislature did not
expressly provide for it, no “right to arm” instruction should be given. 
Appellant’s first issue is overruled.

          In Appellant’s next issue, he
complains that his right of confrontation was violated when the trial court
limited the scope of his cross-examination of Rhonda Harrison, a Waco police officer.  Harrison, who was the first officer at the scene, was primarily
called to identify the victim, Robert Levi, as the person who died at the
scene.  Harrison testified that she “knew him from her days at Waco High” where
she had worked as a police officer.  Levi was not dead when Harrison arrived on
the scene but shortly thereafter took his last gasp and died.  The prosecutor
prefaced its next question with “And I can tell that this is difficult for you since
you knew Mr. Levi….”  Appellant argues that this question created a false
impression with the jury that all the officer’s contacts with Levi were
positive and that “they shared a favorable relationship.”  Because of this
false impression, Appellant argues he should have been allowed to cross-examine
the witness about the fact that she had arrested the deceased some 10 years
earlier for possessing a weapon at a school.

          Cross-examination can fairly be
characterized as the cornerstone of the American criminal trial process; wide
latitude is allowed in such questioning.  See Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); Alford v. United States, 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624 (1931).  Reasonable restrictions, such
as those concerning relevance, may be placed on cross-examination.  Gutierrez
v. State, 764 S.W.2d 796, 799 (Tex. Crim. App. 1989).  Other reasons to
limit the scope of cross-examination include prevention of harassment,
prejudice, confusion of the issues, harm to the witness and repetitive
questioning.  See Carroll v. State, 916 S.W.2d 494, 498 (Tex.
Crim. App. 1996).

          Appellant relies on a false impression
case to support his position.  Saglimbeni v. State, 100 S.W.2d 429 (Tex.
App.—San Antonio 2002, pet. ref’d).  In Saglimbeni, an indecency with a
child case, the victim and the defendant gave contradictory testimony.  The State’s
theory, which they began with in opening statement and continued through final
arguments, was that the victim should be believed because the indecency had
caused the victim’s social behavior to rapidly deteriorate.  For example, his
grades fell from straight A’s to 40’s, 50’s and 60’s.  The excluded defense
evidence offered an alternative reason for the victim’s social deterioration.

          Appellant’s argument initially fails
because no “false impression” was left with the jury.  The facts were that
Officer Harrison “knew” the deceased from when she worked at Waco High School.  Police officers “know” individuals for any number of reasons – positive,
negative and neutral.  Appellant argues that it must have been positive since
she had an unspecified emotional reaction when she testified about Levi’s
death.  The uninterrupted flow of questioning in the record hardly supports an
interpretation of a significant reaction by the witness.  Police officers are
certainly human, and to have some reaction when testifying about someone’s
death does not support Appellant’s argument that her knowledge of Levi was
positive.

          Even if we were to determine that the
jury was left with a positive impression regarding the nature of Harrison’s knowledge of Levi, this is a far different case than Saglimbeni.  In Saglimbeni,
the victim’s social deterioration was essential to the State’s case and was
emphasized from opening statement through final arguments.  In the instant
case, the State made little effort to portray Levi in a positive light.  The
evidence indicated Levi was a convicted felon who had served time in prison for
robbery, a career crack cocaine dealer, frequently armed, involved in a
shooting and generally reputed to be someone “you don’t mess with” and to be
“feared.”  We have examined the State’s opening statement and final arguments;
there was never any attempt to portray Levi as something other than the evidence
showed.[2] 
The trial court acted properly in excluding evidence of the arrest of the
deceased by Officer Harrison.  The second issue is overruled.

          In his final issue, Appellant contends
the trial court erred in denying him the right to impeach Levi with the same
possessing a weapon at a school conviction.  His argument is that a hearsay
statement made by Levi was introduced into evidence and he should therefore be
allowed to impeach Levi’s credibility under Rule of Evidence 806.

Rule 806 provides in
relevant part:

When
a hearsay statement… has been admitted in evidence, the credibility of the
declarant may be attacked, and if attacked may be supported by any evidence
which would be admissible for that purpose if declarant had testified as a
witness.

 

Tex. R. Evid. 806.

          On cross-examination of State’s
witness, Shayansa Mitchell, Appellant elicited testimony that she had overheard
part of a phone conversation between Appellant and the deceased.  The deceased
had stated to Appellant, “I know you don’t want to go to war over $50, [racial
expletive deleted].”  Because of this statement, Appellant argues he should be
entitled to impeach the deceased with the prior conviction.

          We have significant doubts about the
concept of eliciting a hearsay statement and then seeking to impeach the
credibility of the witness who made the statement.  We need not decide that
issue because an examination of the purported statement indicates it was not
offered for the truth of the matter asserted and therefore wasn’t hearsay.  Tex. R. Evid. 801(d).  The purported
statement was not a fact whose truth or falsity could be determined.  It could
just as easily have been asked as a question “Do you want to go to war over
$50?”  Appellant’s third issue is overruled.

CONCLUSION

          Having
overruled each issue on appeal, the trial court’s judgment is affirmed.

 

                                                                   KEN
ANDERSON

                                                                   District
Judge

 

 

Before
Chief Justice Gray,

          Justice
Vance, and

          Judge
Anderson[3]

Affirmed

Opinion delivered and
filed February 1, 2006

Publish

[CRPM]









[1]
While Cartwright might not be
particularly helpful to Appellant, the facts of the case provide an interesting
look at our State’s history at the time precedents were being developed.  The
deceased, William Paris, was literally riding “shotgun” on a four-mule wagon
along the central Texas road from McDade to Bastrop when the co-defendants
David Cartwright and John Nash rode up at a full gallop with pistols drawn and
a gun fight ensued.





[2]
During the State’s initial guilt/innocence
argument, the prosecutor made some effort to cast the deceased in a better
light than Appellant but offered no explanation for, among other things, the
deceased’s felony conviction and prison sentence.  During the punishment
argument, the State offered that the deceased was only 25 and his murder meant
he wouldn’t have the same chance to turn his life around that Appellant had. 
None of the traditional arguments seeking justice for the deceased because his
life had been taken were presented by the prosecution at either phase of the
trial.





[3]
Ken Anderson, Judge of
the 277th District Court of Williamson County, sitting by assignment of the
Chief Justice of the Texas Supreme Court pursuant to section 74.003(h) of the
Government Code.  See Tex. Gov't
Code Ann. § 74.003(h) (Vernon 2005).