**Tejuan Demarcus McGOWAN,
Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10-04-00132-CR.**

Court of Appeals of Texas,
Waco.

Feb. 1, 2006.

Rehearing Overruled April 25, 2006.

---

Stan Schwieger, Waco, for appellant.

John W. Segrest, McLennan County Dist. Atty., Waco, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Judge ANDERSON.*

## OPINION

KEN ANDERSON, District Judge.

Appellant was convicted by a jury of the offense of murder. The jury assessed the

---

* Ken Anderson, Judge of the 277th District Court of Williamson County, sitting by assignment of the Chief Justice of the Texas Su-preme Court pursuant to section 74.003(h) of the Government Code. See TEX. GOV'T CODE ANN. § 74.003(h) (Vernon 2005).

statutory maximum punishment of life in prison plus a $10,000 fine. He appealed.

Appellant and his acquaintance, Robert Levi, had a protracted argument involving a $50 dispute stemming from the sale of a car. On April 16, 2001, Appellant was driving along the streets of Waco when he saw Levi in another car. After a series of maneuvers, the two men met in the middle of North 9th Street. They were arguing over the $50 when Appellant pulled a pistol and shot at Levi four times. Levi died at the scene. The sufficiency of the evidence is not challenged.

In three issues, Appellant complains that the trial court failed to properly instruct the jury about his right to arm himself, impermissibly restricted his right to cross-examine a witness about a prior arrest of the victim, and improperly excluded evidence of one of the victim's prior criminal convictions. We overrule these issues and affirm the conviction.

 In his first issue, Appellant argues that the trial court erred by not including his requested charge on "the right to arm oneself in anticipation of an attack." The trial court properly charged the jury on self-defense but denied Appellant's request for the following additional instruction:

> You are instructed that in connection with the law of self defense that if you find from the evidence that shortly prior to the killing, the defendant reasonably apprehended an attack upon his person by the deceased, then the fact that the defendant armed himself with a gun would in no wise impair or lessen his right of self defense because he would have a right to arm himself if he reasonably feared such an attack.

Appellant argues that he is entitled to this instruction under an old line of cases. *Cottom v. State*, 91 Tex.Crim. 534, 240 S.W. 918 (Tex.Crim.App.1922); *Cartwright v. State*, 14 Tex. Ct.App. 486, 1883 Tex. Crim.App. LEXIS 202 (Tex.Ct.App.1883). Neither case is directly on point. Indeed, neither *Cartwright*, *Cottom* nor any other case cited by Appellant discusses, much less establishes, an entitlement to a charge on "the right to arm oneself in anticipation of an attack" such as Appellant requested in this case. What those cases did establish was the right to a charge that the defendant could "arm himself and seek an explanation," but such a charge was given only if the charge had already limited the right to self-defense by containing instructions about "provoking the difficulty." *See Young v. State*, 530 S.W.2d 120 (Tex.Crim. App.1975) (contains a collection of cases and secondary authority tracing the history of the charge back to the 1883 *Cartwright*[1] case). In the instant case, there was a charge on self-defense but no limitation was contained about provoking the difficulty. Thus, even under this line of cases, Appellant would not be entitled to any sort of "right to arm" charge.

Additionally, as the State urges, the current statute on self-defense, which has been in effect since January 1, 1974, expressly excludes from the self-defense justification the situation where the defendant seeks an explanation while armed but is illegally carrying the weapon. TEX. PENAL CODE ANN. § 9.31(b)(5)(A) (Vernon 2003). The evidence was undisputed that Appellant was unlawfully carrying the murder weapon at the time of the offense.

---

1. While *Cartwright* might not be particularly helpful to Appellant, the facts of the case provide an interesting look at our State's history at the time precedents were being developed. The deceased, William Paris, was literally riding "shotgun" on a four-mule wagon along the central Texas road from McDade to Bastrop when the co-defendants David Cartwright and John Nash rode up at a full gallop with pistols drawn and a gun fight ensued.

Finally, in 1998 the Court of Criminal Appeals found inapplicable to a post–1974 Penal Code case a long line of cases which provided that a defendant was entitled to a jury instruction on the defense of alibi. *Giesberg v. State*, 984 S.W.2d 245 (Tex. Crim.App.1998). The court reasoned that "[O]nly the Legislature can establish defenses and affirmative defenses to criminal offenses and that only those defenses and affirmative defenses entitle defendants to defensive and affirmative defensive instructions in the jury charge." *Id.* at 250. Since the legislature had not expressly designated "alibi" as a statutory defense, there was no longer any basis for charging the jury on alibi. *Id.* Following *Giesberg*, two courts of appeals have now reasoned that the "right to arm" charge was not contained in the 1974 Penal Code and therefore a defendant is no longer entitled to a "right to arm" instruction under any circumstances. *Fonseca v. State*, No. 04–03–00398–CR, 2004 WL 2533305, at \*\*3–4, 2004 Tex.App. LEXIS 9916, \*9–10 (Tex. App.-San Antonio, Nov. 10, 2004, pet. dism'd) (mem.op.); *Castaneda v. State*, 28 S.W.3d 216, 226 (Tex.App.-El Paso 2000, pet. ref'd). We agree with both of these courts. For a case under the 1974 Penal Code, since the Legislature did not expressly provide for it, no "right to arm" instruction should be given. Appellant's first issue is overruled.

■ In Appellant's next issue, he complains that his right of confrontation was violated when the trial court limited the scope of his cross-examination of Rhonda Harrison, a Waco police officer. Harrison, who was the first officer at the scene, was primarily called to identify the victim, Robert Levi, as the person who died at the scene. Harrison testified that she "knew him from her days at Waco High" where she had worked as a police officer. Levi was not dead when Harrison arrived on

the scene but shortly thereafter took his last gasp and died. The prosecutor prefaced its next question with "And I can tell that this is difficult for you since you knew Mr. Levi. . . ." Appellant argues that this question created a false impression with the jury that all the officer's contacts with Levi were positive and that "they shared a favorable relationship." Because of this false impression, Appellant argues he should have been allowed to cross-examine the witness about the fact that she had arrested the deceased some 10 years earlier for possessing a weapon at a school.

■ Cross-examination can fairly be characterized as the cornerstone of the American criminal trial process; wide latitude is allowed in such questioning. *See Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); *Alford v. United States*, 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624 (1931). Reasonable restrictions, such as those concerning relevance, may be placed on cross-examination. *Gutierrez v. State*, 764 S.W.2d 796, 799 (Tex. Crim.App.1989). Other reasons to limit the scope of cross-examination include prevention of harassment, prejudice, confusion of the issues, harm to the witness and repetitive questioning. *See Carroll v. State*, 916 S.W.2d 494, 498 (Tex.Crim.App. 1996).

Appellant relies on a false impression case to support his position. *Saglimbeni v. State*, 100 S.W.3d 429 (Tex.App.-San Antonio 2002, pet. ref'd). In *Saglimbeni*, an indecency with a child case, the victim and the defendant gave contradictory testimony. The State's theory, which they began with in opening statement and continued through final arguments, was that the victim should be believed because the indecency had caused the victim's social behavior to rapidly deteriorate. For example, his grades fell from straight A's to 40's, 50's and 60's. The excluded defense evi-

dence offered an alternative reason for the victim's social deterioration.

Appellant's argument initially fails because no "false impression" was left with the jury. The facts were that Officer Harrison "knew" the deceased from when she worked at Waco High School. Police officers "know" individuals for any number of reasons—positive, negative and neutral. Appellant argues that it must have been positive since she had an unspecified emotional reaction when she testified about Levi's death. The uninterrupted flow of questioning in the record hardly supports an interpretation of a significant reaction by the witness. Police officers are certainly human, and to have some reaction when testifying about someone's death does not support Appellant's argument that her knowledge of Levi was positive.

Even if we were to determine that the jury was left with a positive impression regarding the nature of Harrison's knowledge of Levi, this is a far different case than *Saglimbeni*. In *Saglimbeni*, the victim's social deterioration was essential to the State's case and was emphasized from opening statement through final arguments. In the instant case, the State made little effort to portray Levi in a positive light. The evidence indicated Levi was a convicted felon who had served time in prison for robbery, a career crack cocaine dealer, frequently armed, involved in a shooting and generally reputed to be someone "you don't mess with" and to be "feared." We have examined the State's opening statement and final arguments; there was never any attempt to portray Levi as something other than the evidence

showed.[2] The trial court acted properly in excluding evidence of the arrest of the deceased by Officer Harrison. The second issue is overruled.

■ In his final issue, Appellant contends the trial court erred in denying him the right to impeach Levi with the same possessing a weapon at a school conviction. His argument is that a hearsay statement made by Levi was introduced into evidence and he should therefore be allowed to impeach Levi's credibility under Rule of Evidence 806.

Rule 806 provides in relevant part:

When a hearsay statement . . . has been admitted in evidence, the credibility of the declarant may be attacked, and if attacked may be supported by any evidence which would be admissible for that purpose if declarant had testified as a witness.

TEX.R. EVID. 806.

On cross-examination of State's witness, Shayansa Mitchell, Appellant elicited testimony that she had overheard part of a phone conversation between Appellant and the deceased. The deceased had stated to Appellant, "I know you don't want to go to war over $50, [racial expletive deleted]." Because of this statement, Appellant argues he should be entitled to impeach the deceased with the prior conviction.

We have significant doubts about the concept of eliciting a hearsay statement and then seeking to impeach the credibility of the witness who made the statement. We need not decide that issue because an examination of the purported statement

2. During the State's initial guilt/innocence argument, the prosecutor made some effort to cast the deceased in a better light than Appellant but offered no explanation for, among other things, the deceased's felony conviction and prison sentence. During the punishment argument, the State offered that the deceased

was only 25 and his murder meant he wouldn't have the same chance to turn his life around that Appellant had. None of the traditional arguments seeking justice for the deceased because his life had been taken were presented by the prosecution at either phase of the trial.

indicates it was not offered for the truth of the matter asserted and therefore wasn't hearsay. TEX.R. EVID. 801(d). The purported statement was not a fact whose truth or falsity could be determined. It could just as easily have been asked as a question "Do you want to go to war over $50?" Appellant's third issue is overruled.

## CONCLUSION

Having overruled each issue on appeal, the trial court's judgment is affirmed.